## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT** | **:** |
| **4145 Cherry Hill Road** | |
| **Linden, VA 22642** | **:** |
| | |
| **Plaintiff,** | **:** |
| | |
| **v.** | **:** |
| | |
| **WASHINGTON METROPOLITAN AREA** | **: Case No.** |
| **TRANSIT AUTHORITY (a/k/a "WMATA")** | |
| **600 Fifth Street NW** | **:** |
| **Washington, DC 20001** | |
| | **:** |
| **Serve:    Carol O'Keeffe, Esquire** | |
| **General Counsel's Office** | **:** |
| **WMATA** | |
| **600 Fifth Street NW** | **:** |
| **Washington, DC 20001** | |
| | **:** |
| **Defendant.** | |
| | **:** |

### COMPLAINT

Plaintiff Carol Wild Scott, by and through her attorneys, Patrick M. Regan, Christopher J. Regan and the law firm of Regan Zambri & Long, PLLC, hereby files this Complaint and moves for judgement against Defendant Washington Metropolitan Area Transit Authority ("WMATA") on the grounds and for the amount set forth below.

### JURISDICTION AND VENUE

1.      Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code Ann. § 9-1107.10.

2.      Venue in this Court is proper as the negligent acts and/or omissions committed by Defendant occurred in the District of Columbia, giving rise to Plaintiff's claims set forth below.

## **PARTIES**

3.      At all times relevant herein, Plaintiff, Carol Wild Scott ("Ms. Scott"), is an adult citizen and resident of the Commonwealth of Virginia.

4.      At all times relevant herein, Defendant WMATA is the owner of The Washington Metro subway system being operated by its employees, who were acting within the course and scope of their employment and/or agency with WMATA.

5.      Defendant Washington Metropolitan Area Transit Authority ("WMATA") was created when Congress approved the Washington Metropolitan Area Transit Authority Compact ("WMATA Compact"), D.C. Code §§ 9-1107.01 *et seq.*, which was signed by the District of Columbia, Maryland, and Virginia.

6.      By the terms of the WMATA Compact that created it, WMATA is liable for its negligent acts and/or omissions and those of its directors, officers, employees, and agents committed in the conduct of any proprietary function. D.C. Code § 9-1107.01(80).

7.      The provision of mass transportation is a proprietary function within the meaning of the WMATA Compact.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 2 -

8.      Defendant WMATA is vicariously liable for the tortious acts and/or omissions committed by its subway train operator on September 23, 2019, which directly and proximately caused serious and permanent injuries to Ms. Scott.

## FACTS

9.      On the evening of September 23, 2019, Ms. Scott boarded on the WMATA Metro Orange Line at the Vienna Metro Station in Vienna, Virginia, and headed towards her destination at McPherson Square Metro Station in the District of Columbia.

10.     Ms. Scott sat in the first-row window seat on the right side of the train, in one of the middle-to-front cars. She was sitting approximately 10 feet from the left-front door she would be exiting.

11.     After riding through 11 Metro stops, the train in which Ms. Scott was a passenger on arrived at McPherson Square Metro Station.

12.     At this time, the train came to a complete stop and Ms. Scott heard the announcement over the intercom stating, "McPherson Square, doors opening on the left", which prompted Ms. Scott to believe it was safe to get up from her seat and walk towards the door to exit.

13.     Violently, and without any warning, the train lurched forward moments after Ms. Scott arose from her seat.

14.     The intensity of this unanticipated abrupt forward motion threw Ms. Scott through the air a significant distance, forcing her to hit the ground hard on her left hip.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

15.     After she was thrown to the floor, Ms. Scott immediately started to experience extreme pain and began screaming for help.

16.     At this time, the train emptied except for three passengers that stayed behind to assist Ms. Scott while she waited for the ambulance to arrive.

17.     Once the ambulance arrived, Ms. Scott was transported to George Washington University Hospital for further medical treatment and care.

18.     As a direct result of this incident, Ms. Scott sustained severe injuries, including a fracture of her left femur, severe pain and trauma in the left hip and thigh, and other injuries.  These injuries required extensive surgery involving the insertion of three titanium rods (one in the femur, one crosswise below the hip joint and one crosswise above the knee) and a very lengthy rehabilitation process and permanent disability.

19.     As a further direct result of the collision, Ms. Scott has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, permanent disability as well as other damages.

## COUNT 1
### (Negligence)

20.     Ms. Scott incorporates, by reference, paragraphs 1 through 19, above, and further alleges that at all times relevant herein, WMATA's trains, railroad operations,

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

tunnels, tracks, and adjoining railroad tracks (the "subway property") were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

21.     At all times mentioned herein, Defendant WMATA, as a common carrier, owed a duty of reasonable care to its passengers, including Ms. Scott.

22.     Ms. Scott further alleges that Defendant WMATA breached this duty in some or all of the following ways:

a.     By failing to properly and safely stop the WMATA Metro train, specifically on the Orange Line, at the McPherson Square Metro Station stop at the time Ms. Scott was severely injured;

b.     By failing to properly use the in-train communication devices to inform the passengers when it is safe to get up from their seats and exit the WMATA Metro train in question;

c.     By failing to properly train its agents, servants, and/or employees in the proper protocols and procedures when operating WMATA Metro trains;

d.     By otherwise negligently, carelessly, and wrongfully failing to take reasonable precautions to protect its passengers from injury.

23.     As a direct and proximate result of Defendant WMATA's negligent acts and/or omissions, Ms. Scott suffered severe and permanent injuries, pain, suffering, mental anguish, emotional distress, economic loss, and loss of enjoyment of life.

24.     As a further direct and proximate result of the Defendant WMATA's negligent acts and/or omissions, Ms. Scott has undergone surgery and painful rehabilitation and will continue to experience pain, suffering, mental anguish, emotional distress, and loss of enjoyment of life.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 5 -

25.     As a further direct and proximate result of Defendant WMATA's negligent acts and/or omissions, Ms. Scott has incurred substantial medical expenses and will incur substantial future medical expenses.

WHEREFORE, Plaintiff Carol Wild Scott demands judgment against Defendant WMATA in the full and just amount of Two Million Five Hundred Thousand dollars ($2,500,000), plus interest and costs.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

Respectfully submitted,

REGAN ZAMBRI LONG


By:  /s/ *Patrick M. Regan*
Patrick M. Regan          #336107
pregan@reganfirm.com
Christopher J. Regan      #1018148
cregan@reganfirm.com
1919 M Street NW, Suite 350
Washington, DC  20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*