IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 22-00601 (CRC) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | : |
| | : |
| **Defendant.** | : |
| | : |

**JOINT RULE 16.3 REPORT**

The parties, by and through their undersigned counsel, hereby submit their Joint Report pursuant to Local Civil Rule 16.3(c) and Fed. R. Civ. P. 26(f). Counsel for the parties conferred on May 4, 2022, and jointly submit this report setting forth their positions on the matters discussed during the conference. The Initial Scheduling Conference is set for June 1, 2022, at 2:00 p.m., to be held via videoconference.

A.   **Statement of the Case**

The parties provide the following statement which describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses:

Plaintiff Carol Scott brings this personal injury case alleging negligence stemming from an incident that occurred on December 23, 2019, when she was a passenger on a WMATA Metro Orange Line subway train. Plaintiff had boarded the subway train at the Vienna Metro Station in Vienna, VA, and was headed toward her destination at

- 2 -

McPherson Square Metro Station in the District of Columbia. When the train arrived at the McPherson Square Station, the subway train came to a complete stop, and the announcement "McPherson Square, doors opening on the left" signaled to Ms. Scott that it was safe to get up from her seat and proceed to the exit. Suddenly, and without any warning, the train lurched forward, causing Ms. Scott to be propelled through the air a significant distance and to fall hard on her left hip. As a result of the violent fall, Ms. Scott sustained a fractured left hip and other injuries. She was hospitalized for six weeks and incurred medical expenses in excess of $225,000.00. Plaintiff contends that she has suffered serious permanent disabling injuries and is seeking $1,000,000.00 in compensatory damages. Defendant WMATA denies that its train operator was negligent, contends that any injuries Ms. Scott may have sustained were caused by Plaintiff's own contributory negligence, and contends that Ms. Scott assumed the risk of any injuries she may have sustained.

**B.  Proposed Schedule**

The parties propose the following schedule:

| | |
|---|---|
| Commencement of Discovery | June 3, 2022 |
| Rule 26(a)(1)(A) Initial Disclosures | July 5, 2022 |
| Deadline to Amend Pleadings/Join Additional Parties | June 21, 2022 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | September 2, 2022 |
| Defendant's Rule 26(a)(2) Expert Disclosures | October 17, 2022 |

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 3 -

| | |
|---|---|
| End of Discovery | December 5, 2022 |
| Dispositive Motions Due | January 5, 2023 |
| Pretrial Conference | To be determined by the Court |
| Trial | To be determined by the Court |

**Matters Discussed By The Parties Pursuant to LCvR 16.3(c)**

The parties' counsel held a teleconference on May 4, 20222022, to discuss the following matters set forth in Local Civil Rule 16.3:

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff submits that it is unlikely the case will be resolved by dispositive motion. Defendants submit that dispositive motions may be possible depending on the development of facts.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties proposed schedule includes a deadline for joinder and amendment of the pleadings.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Plaintiff consents to the assignment of this case to a magistrate judge for discovery purposes only. Defendant does not consent to a magistrate judge.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**(4) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedure (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

It is still too early for the parties to say whether there is a realistic possibility of settling the case. The parties will continue to evaluate their respective cases for settlement purposes as discovery proceeds. Nonetheless, the parties believe ADR procedures may be appropriate, and that a prerequisite for such procedures would be a period of discovery or other disclosure relating to Plaintiff's allegations. The parties believe that the case should advance through fact discovery and Rule 26(a)(2) disclosures in order to determine if ADR is appropriate in this case. If during discovery the parties jointly conclude that the case would benefit from ADR in the form of mediation with the District Court's Mediation Program or a Magistrate Judge, the parties will notify the Court.

**(5) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff submits that it is unlikely the case will be resolved by dispositive motion. Defendant believes that it is possible the case can be resolved by dispositive motions. However, development of the record is necessary.

**(6) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose that initial disclosures be served on or before the date stated in the above schedule.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

**(7)    The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above. With respect to discovery limits, the parties agree as to the following: (1) depositions are limited to ten (10), excluding experts; (2) interrogatories shall be limited to twenty-five (25) per side; (3) Plaintiff requests no artificial limits placed on requests for admission and requests for production. Defendant requests that request for production of documents be limited to 25 each side, and (4) the time limitation for depositions is as stated in Rule 30(d)(1). If the need for a protective order arises, Defendant will confer with Plaintiff in good faith in an effort to resolve any dispute without Court action.

**(8)    Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the preservation of electronic information. Defendant has placed a litigation hold on information which may be related to the claims and defenses in this case. To the extent possible, the parties will produce electronically stored information both in its native format and as PDFs. Whether in hard copy or electronic copy, the parties will stamp their respective document productions with individual Bates numbers.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**(9)   Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

There are currently no issues.

**(10)   Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties do not believe that the requirements should be modified.  See proposed schedule above.

**(11)   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(12)   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this time, the parties do not believe that the proceedings or discovery should be bifurcated or managed in phases.

**(13)   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Plaintiff proposes that a pretrial conference be scheduled at the time of the June 1, 2022, Initial Scheduling Conference.  Defendant proposes that the pretrial conference be scheduled at the conclusion of discovery.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

**(14) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiff requests that the Court schedule a firm trial date at the time of the June 1, 2022, Initial Scheduling Conference. Defendant proposes that a trial date be scheduled at the pretrial conference.

**(15) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

No other issues.

Respectfully submitted,

|  |  |
|---|---|
| REGAN ZAMBRI LONG PLLC | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY |
| By: */s/ Patrick M. Regan* <br> Patrick M. Regan   #336107 <br> pregan@reganfirm.com <br> Christopher J. Regan   #1018148 <br> cregan@reganfirm.com <br> 1919 M Street, N.W., Suite 350 <br> Washington, DC 20036 <br> PH: (202) 463-3030 <br> Fx: (202) 463-0667 <br> *Attorney for Plaintiff* | By: */s/ Neal M. Janey, Jr.* <br> Neal M. Janey, Jr.   #995449 <br> nmjaney@wmata.com <br> Senior Counsel <br> Office of General Counsel-WMATA <br> 300 7th Street, S.W. <br> Washington, D.C. 20004 <br> PH: (202) 962-1067 <br> Fx: (202) 962-2550 <br> *Attorney for Defendant* |

Date: May 5, 2022