# Exhibit 9

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **CASE NO.: 1:22-cv-00601 CRC** |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |

### DEFENDANT WMATA'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Washington Metropolitan Area Transit Authority ("WMATA") submits its Answers to Plaintiff's Interrogatories as follows:

### PRELIMINARY STATEMENT

WMATA reserves the right to rely on any facts, documents, or other evidence which may develop or come to WMATA's attention. WMATA's answers are set forth herein without prejudice to WMATA's right to assert additional objections or supplemental answers should WMATA discover additional information or grounds for objections. WMATA reserves the right to supplement or amend these answers at any time prior to trial to this action.

These interrogatories are being answered by April Rice, WMATA, Office of Risk Management. The answers are not based on Ms. Rice's personal knowledge, she is answering on behalf of WMATA. In addition, WMATA does not have the burden of proving its "non-negligence," as denial of negligence is not an affirmative defense.

### GENERAL OBJECTIONS

Defendant Washington Metropolitan Area Transit Authority (WMATA) submits the following general objections to the Plaintiff's interrogatories:

WMATA objects to providing any discovery related to its opinions, evaluations, and self-evaluations following the alleged occurrence, on the basis that such post-accident evaluations or opinions are protected by WMATA's self-evaluative privilege. See Plough v. Nat'l Academy of Sciences, 530 A.2d 1152, 1157 (D.C. 1987), citing Ross v. Bolton, 106 F.R.D. 22, 24 (S.D.N.Y. 1985) (material representing staff analyses of data in governmental agencies investigation into illegal securities trading protected from discovery; defendant permitted discovery of factual data, but not staff analyses of data); Bredice v. Doctor's Hosp., 50 F.R.D. 249, 250-51 (D.D.C. 1970) (hospital staff committees charged with reviewing clinical work at hospital), Granger v. Nat'l R.R. Passenger Corp., 116 F.R.D. 507, 510 (E.D. Penn. 1987) (conclusions, opinions and recommendations sections of an internal Amtrak investigation into an accident involving an employee); Sutton v. WMATA, Civil Action No. 07-cv-1197 (D.D.C. 2007) (Bates, J.). (Precluding discovery of opinions, conclusions and decisions in disciplinary records involving a WMATA bus operator). Any response by WMATA to the occurrence are post-accident remedial measures, which are inadmissible as remedial measures, and therefore any interrogatory related to that subject calls for information that is immaterial, irrelevant, and not reasonably calculated to lead to admissible evidence.

WMATA further objects to answering any interrogatory on matters that are part of its deliberative or pre-decisional process. See Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998), and cases cite therein.

## INTERROGATORIES

1. Please identify (*see* Instruction D, above) every person who was consulted or who

    otherwise participated in preparing the answers to these Interrogatories, identify all documents either consulted in answering these Interrogatories or otherwise relating to the information requested in these Interrogatories, and identify each person who presently has possession, custody or control of each document.

    ANSWER: Objection.  Seeks information protected by the attorney client privilege.  Without waiving objections, WMATA reviewed documents that were previously produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

2. Please identify (*see* Instruction D, above) every individual, known to you, who has any personal knowledge of the Incident.

    ANSWER: Any such persons are identified in documents produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

3. With respect to each individual whom you will call or expect to call as an expert or factual witness at the time of trial, please provide all information required pursuant to the Federal Rules of Civil Procedure.

    ANSWER: WMATA will make expert disclosures pursuant to the scheduling order.

4. If you have ever taken or received any statement, either oral or written, from any person, including parties hereto, who had any information or knowledge of the Incident, state the name and address of each such person, the date of such statement, and the substance of such statement.

    ANSWER: Any such statements are contained in documents produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

5. Describe in complete detail what this Defendant contends caused the Incident in which resulted in severe injuries suffered by Plaintiff as described in the Complaint.

    ANSWER:  Objection. Calls for mental impressions of counsel and trial strategy.  Without waiving objections, accounts of the incident are contained in documents produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

6. If you contend that Plaintiff was contributorily negligent, please state all facts upon which you intend to rely in order to support this contention, and identify all witnesses that have knowledge of these facts.

    ANSWER:  Objection. Calls for legal conclusion.  Calls for mental impressions of counsel and trial strategy.  Furthermore, discovery is ongoing and WMATA is still in the process of gathering facts.  WMATA intends to rely on any and all information revealed

and/or exchanged through discovery in its defense.

7. If you contend that the Incident was unavoidable, please state all facts upon which you intend to rely in order to support this contention, and identify all witnesses that have knowledge of these facts.

    ANSWER: Objection. Calls for legal conclusion. Calls for mental impressions of counsel and trial strategy. Furthermore, discovery is ongoing and WMATA is still in the process of gathering facts. WMATA intends to rely on any and all information revealed and/or exchanged through discovery in its defense.

8. If you contend that the Incident was caused by a defect in the subway train or specific car in which Ms. Scott was a passenger, please state all facts upon which you intend to rely in order to support this contention, and identify all witnesses that have knowledge of these facts.

    ANSWER: Objection. Calls for legal conclusion. Calls for mental impressions of counsel and trial strategy. Furthermore, discovery is ongoing and WMATA is still in the process of gathering facts. WMATA intends to rely on any and all information revealed and/or exchanged through discovery in its defense. This interrogatory calls for expert opinions.

9. Please describe all instances of disciplinary action taken against the driver/operator operating the WMATA owned and operated subway train, whom was operating the train when the Incident occurred.

    ANSWER: Objection. WMATA enjoys sovereign immunity protection for claims of negligent hiring, training, supervision and retention. *See Beebe v. WMATA*, 129 F.3d 1283 (D.C. Cir. 1997); *Burkhart v. WMATA*, 112 F.3d 1207, 1215 (D.C. Cir. 1997); *Dove v. WMATA*, 402 F.Supp.2d 91 (D.D.C. 2005). Seeks information protected by the self-evaluative privilege. Objection. This interrogatory seeks information that is not relevant to Plaintiff's claims and is not proportional to the needs of the case.

10. Please describe the employment history of the WMATA employee that was operating the subway train when the Incident occurred, including duration of employment, job title, and if this employee is still employed by WMATA.

    ANSWER: Objection. WMATA enjoys sovereign immunity protection for claims of negligent hiring, training, supervision and retention. *See Beebe v. WMATA*, 129 F.3d 1283 (D.C. Cir. 1997); *Burkhart v. WMATA*, 112 F.3d 1207, 1215 (D.C. Cir. 1997); *Dove v. WMATA*, 402 F.Supp.2d 91 (D.D.C. 2005). Seeks information protected by the self-evaluative privilege. Objection. This interrogatory seeks information that is not relevant to Plaintiff's claims and is not proportional to the needs of the case.

11. Please describe all policies, procedures, or guidelines in effect on the date of the Incident pertaining to the safe operation of subway trains when they are coming into a station and about to stop and discharge/admit passengers.

    ANSWER:  Objection.  This seeks information that is not relevant to Plaintiff's claims and is not proportional to the needs of the case.  Moreover, WMATA enjoys sovereign immunity protection for claims of negligent hiring, training, supervision and retention. *See Beebe v. WMATA*, 129 F.3d 1283 (D.C. Cir. 1997); *Burkhart v. WMATA*, 112 F.3d 1207, 1215 (D.C. Cir. 1997); *Dove v. WMATA*, 402 F.Supp.2d 91 (D.D.C. 2005). Also, WMATA's internal procedure don't establish a standard of care under applicable law. *Briggs v. WMATA*, 481 F.3d 839, 847 F.3d (D.C. Cir. 2007). F.3d (D.C. Cir. 2007). Furthermore, SOPs are not a basis for liability when they are contrary to D.C. Law.  *See Connor v. Washington Ry. & Electric Co.,* 43 App. D.C. 329, (D.C.*1915)* and *Robinson v. WMATA, 774 F.3d. 33 (D.C. Cir 2014).*

12. Please describe all investigations and/or inquiries conducted by this Defendant (or any other individual or entity) regarding the Incident, including the substance of the investigation/inquiry, the date it was performed, the identity of all individuals/entities performing the investigation/inquiry, and the results thereof.

    ANSWER: Objection: Seeks information protected by the attorney client privilege.  Furthermore, seeks information protected by the self-evaluative privilege.  Without waiving objections, reports are contained in documents produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

13. Identify all documents generated by Defendant WMATA concerning the Incident, including any such report generated as a result of any investigation or inquiry identified in your answer to the preceding Interrogatory.

    ANSWER: Objection: Seeks information protected by the attorney client privilege.  Furthermore, seeks information protected by the self-evaluative privilege.  Without waiving objections, reports are contained in documents produced to counsel for Plaintiff as part of 26(a)(1) disclosures, which are not incorporated herein.

**I HEREBY CERTIFY THAT THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. THESE INTERROGATORIES ARE NOT BEING ANSWERED BASED UPON MY PERSONAL KNOWLEDGE, I AM ANSWERING ON BEHALF OF WMATA.**

**EXECUTED October 14, 2022**

            Respectfully submitted,

            WASHINGTON METROPOLITAN
            AREA TRANSIT AUTHORITY

            *April Rice*

            _____
            April Rice
            Office of Risk Management
            Washington Metropolitan Area
            Transit Authority
            300 Seventh Street, SW
            Washington, DC  20001


            As to Objections:


            */s/ Brendan H. Chandonnet*
            Brendan H. Chandonnet
            Nicholas L. Phucas
            WMATA
            300 Seventh Street, NW
            Washington, DC  20001
            (202) 962-2886

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **CASE NO.: 1:22-cv-00601 CRC** |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |

## CERTIFICATE REGARDING DISCOVERY

I hereby certify that on October 15, 2022 I served on all parties hereto, by electronic mail, a copy of Defendant Washington Metropolitan Area Transit Authority's answers to interrogatories and response to request for production; and that I will retain the original of these documents in my possession, without alteration, until the case is concluded in this Court, the time for noting an appeal has expired, and any appeal noted has been decided.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

*/s/ Brendan H. Chandonnet*
Brendan H. Chandonnet
Nicholas L. Phucas
WMATA
300 Seventh Street, NW
Washington, DC  20001
(202) 962-2886

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Certificate Regarding Discovery** was sent by electronic mail on the 15th day of October, 2022, to:

Patrick M. Regan, Esquire
pregan@reganfirm.com
Christopher J. Regan, Esquire
cregan@reganfirm.com
1919 M Street NW, Suite 350
Washington, DC 20036

*/s/ Brendan H. Chandonnet*
Brendan H. Chandonnet