**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAROL W. SCOTT,**<br>　　　　　**Plaintiff,**<br><br>**v.**<br><br>**WASHINGTON METROPOLITAN**<br>**AREA TRANSIT AUTHORITY,**<br>　　　　　**Defendant.** | **Case No.: 1:22-cv-00601 CRC** |

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MOTION *IN LIMINE* AS TO PLAINTIFF'S EXPERT, DR. CARL BERKOWITZ

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, moves to exclude certain topics of testimony and potential trial exhibits, pursuant to Fed. R. Evid. 401, 402, and 403. In support of this motion, Defendant WMATA submits and incorporates herein its Memorandum of Points and Authorities.

**WHEREFORE**, Defendant Washington Metropolitan Area Transit Authority respectfully requests that the Court grant this motion and preclude Plaintiffs from introducing evidence or eliciting testimony at trial regarding unrelated SOPs, unrelated events/incidents, and the WMATA operator's field file, and for any other relief this Court deems just and fair.

Date: January 31, 2025

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,**
**EDLEMAN & DICKER, LLP**

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300

1

Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com

Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

*/s/ Laurie Hand*
Laurie Hand, Esq. (DC Bar No.: 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026
Tel.: (202) 962-5063
Fax: (202) 962-2550
LAHand@wmata.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

2

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

I HEREBY CERTIFY, pursuant to Local Rule 7(m), Defendant's counsel conferred with Plaintiff's counsel to determine whether there is any opposition to the relief sought and to narrow the areas of disagreement. Plaintiff does not consent to the relief requested regarding unrelated events/incidents, and the WMATA operator's field file. Plaintiff's counsel represented that they could not provide a position on WMATA's request to preclude unrelated SOPs without WMATA further identifying what portions of the SOPs are admissible. As such, WMATA was unable to obtain Plaintiff's consent on the issue which necessitates filing this motion.

*/s/ Jason R. Waters*
Jason R. Waters

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*/s/ Jason R. Waters*
Jason R. Waters

3

307618023v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL W. SCOTT,** | |
| **Plaintiff,** | |
| **v.** | |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | **Case No.: 1:22-cv-00601 CRC** |
| **Defendant.** | |

### DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S MEMORANDUM OF POINTS ANS AUTHORITIES IN SUPPORT OF ITS PRETRIAL MOTIONS *IN LIMINE*

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, moves to exclude certain topics of testimony and potential trial exhibits, pursuant to Federal Rules of Evidence 401, 402, and 403. As discussed below, Defendant anticipates that Plaintiff will attempt to introduce evidence of unrelated Standard Operations Procedures, incidents, or accidents, which impermissibly infringe on WMATA's sovereign immunity and tend only to unfairly prejudice WMATA or confuse the jury.

### I.    Background

Plaintiff alleges that WMATA negligently breached the standard of care when operating, stopping, and berthing a WMATA Metrorail train on September 23, 2019. As a result of WMATA's alleged negligence, Plaintiff claims that she fell and sustained injuries. WMATA anticipates that Plaintiff will attempt to introduce evidence of unrelated and dissimilar incidents on the WMATA's Metrorail. WMATA also expects Plaintiff to attempt to introduce evidence of the rail operator's personnel and field file, which is also irrelevant. WMATA also believes that

Plaintiff will seek to introduce WMATA's Standard Operating Procedures ("SOPs"). For the reasons asserted below, all such testimony or evidence must be precluded.

## II.    Legal Standard

"Motions in limine are a means for arguing why 'evidence should or should not, for evidentiary reasons, be introduced at trial.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (quoting *Williams v. Johnson*, 747 F. Supp. 2d 10, 18 (D.D.C. 2010)). Federal Rule of Evidence 401 states that evidence is considered relevant is "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. In addition, the Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III.    Argument

### A.    Unrelated SOPs

WMATA's internal rules are policies do not establish a national standard of care. *See Varner v. D.C.*, 891 A.2d 260, 269–70 (D.C. 2006) (citing *Clark v. D.C.*, 708 A.2d 632, 636–637 (D.C. 1997)) ("Violations of procedures prescribed by an agency's internal manual also are insufficient in themselves to establish the standard of care, as 'a defendant cannot be held liable for aspiring to efforts beyond an applicable national standard'"); see also *Robinson v. WMATA*, 774 F.3d 33, 39 (D.D.C. 2014); *English v. WMATA*, 323 F.R.D. 1, 24 (2017). Safety rules that are unrelated to the allegedly negligent act would have no admissible purpose in this matter.

WMATA acknowledges that "internal agency manuals such as WMATA's standard operating procedures may provide evidence bearing on the standard of care." *Robinson*, 774 F.3d at 39.

Therefore, WMATA moves to preclude evidence of those SOPs that are not relevant to the claim asserted by Plaintiff. Factually, Plaintiff asserts that she was a passenger on a Metrorail train, and she asserts that WMATA breached the standard of care in berthing the train and in making announcements relating to the movement of trains at WMATA stations. While the SOPs relating to such allegations do not establish a standard of care, WMATA SOPs 40.5.1.3.3 (reberthing announcement) and 50.5.1.1 (announcements for entering station) relate, in part, to these issues.[1] Plaintiffs should not be permitted to introduce other SOPs – such as general aspirational SOPs relating to safety as an overall objective – because they are not factually related to the specific allegations in this case. The only explanation for attempts to introduce irrelevant SOPs would be an improper attempt to attempt to introduce punitive elements in this case, regardless of WMATA's sovereign immunity. Therefore, all other SOPs are properly excluded, and Plaintiff is properly precluded from introducing, admitting, or eliciting testimony to them at trial.

### B. Unrelated Incidents/Accidents

Any incident, accident, or other lawsuit involving WMATA, is not relevant, and any testimony or evidence of other events or occurrences should be excluded. Under Federal Rule of Evidence 401 "evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without evidence; and (b) the fact is of consequence in determining the action."

---

[1] However, if the Court rules to exclude Plaintiff's expert Dr. Berkowitz, as argued in a contemporaneously filed motion, the exclusion of any SOPs, included SOPs 40 and 40, should be ordered. "While internal regulations may be admissible as bearing on the standard of care, admission at trial of the WMATA manuals alone would be insufficient, because expert testimony would still be required to establish that the manuals embody the national standard of care and not a higher, more demanding one." *Mahnke v. WMATA*, 821 F. Supp. 2d 125, 149 (D. D.C. 2011) (quoting *Briggs v. WMATA*, 481 F. 3d 839, 848 (2007)).

To maintain a negligence action, a plaintiff must show that: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of such duty proximately caused damage or injury to the plaintiff. *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 793 (D.C. 2011) (citing *District of Columbia v. Cooper*, 483 A.2d 317, 321 (D.C. 1984)). In the District of Columbia, the mere happening of an accident does not impose liability or reveal proof of negligence. *See District of Columbia v. Davis*, 386 A.2d 1195, 1200 (D.C. 1978). Rather, WMATA's duty of care is "commensurate with the particular hazards involved." *See D.C. Transit System, Inc. v. Carney*, 254 A.2d 402, 403 (D.C. 1969).

Any testimony relating to another event or alleged accident, with different factual records, would not be probative of any element of Plaintiff's allegation of negligence. Other unrelated incidents, with different particular hazards, would not have any bearing on WMATA's duty of care in this matter. Similarly, other unrelated incidents would not speak to the proximate cause in this case. Such testimony and evidence would have no other purpose than to confuse the jury, and unfairly prejudice them against WMATA as an organization. *See* Fed. R. Evid. 403. Therefore, evidence of other WMATA incidents, and attempt to solicit evidence regarding wholly unrelated events, are clearly improper, and properly excluded.

### C. Operator Field File and Prior Unrelated Incidents

WMATA's rail operator, Mr. Johnson, has been deposed, and his field file has been produced in the course of this litigation. Mr. Johnson's field file, which includes internal WMATA memoranda not related to this incident, Mr. Johnson's sick days/requests for time off, and incident reports unrelated to Plaintiff's claims, are entirely irrelevant to the action before the Court. Mr. Johnson's record within WMATA is not relevant to the alleged negligence. Moreover, WMATA has immunity related to the hiring, training and supervision of their

employees under the WMATA Compact. *See Harris v. WMATA*, 490 F. Supp. 3d 295, 313 (D.

D.C. 2020) (citing *Burkhart v. WMATA*, 112 F.3d 1207, 1217 (1997)); *Beebe v. WMATA*, 129

F.3d 1283, 1287 (D.C. Cir. 1997); *Turner v. WMATA*, 701 F. Supp. 2d 61, 70–71 (D.D.C. 2010);

*see also* Washington Metropolitan Area Transit Authority Compact, 80 Stat. 1350, Pub. L. 89-

774 (November 6, 1966) codified at D.C. Code §9-1107.1 (1981) and §9-1107.10 (2007).

Similarly, any prior incidents that Mr. Johnson may have been involved with in the course of his

employment with WMATA are not relevant or probative of the issues in this action.

### IV.    Conclusion

Therefore, for the reasons set forth above, and for those that may be advanced at oral

arguments, Defendant Washington Metropolitan Area Transit Authority respectfully requests that

the Court grant this motion and preclude Plaintiffs from introducing evidence or eliciting

testimony at trial regarding unrelated SOPs, unrelated events/incidents, and the WMATA

Operator's field file, and for any other relief this Court deems just and fair.


January 31, 2025                           Respectfully submitted,

                                          **WILSON, ELSER, MOSKOWITZ,**
                                          **EDELMAN & DICKER, LLP**

                                          */s/ Jason R. Waters*
                                          Jason R. Waters, Esq. (D.C. Bar No.: 491066)
                                          8444 Westpark Drive - Suite 510
                                          McLean, VA 22102-5102
                                          Telephone: (703) 245-9300
                                          Facsimile: (703) 245-9301
                                          Jason.Waters@wilsonelser.com

                                          Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
                                          1500 K Street, NW, Suite 330
                                          Washington, D.C. 20005
                                          Telephone: (202) 626-7660
                                          Facsimile: (202) 628-3606
                                          Patricia.Beall@wilsonelser.com

*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN**
**AREA TRANSIT AUTHORITY**

*/s/ Laurie Hand*
Laurie Hand, Esq. (DC Bar No.: 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026
Tel.: (202) 962-5063
Fax: (202) 962-2550
LAHand@wmata.com

*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this January 31, 2025, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to all counsel of record.

*/s/ Jason R. Waters*
Jason R. Waters