# Exhibit 13

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | |
| : | **CASE NO.: 1:22-cv-00601 CRC** |
| **WASHINGTON METROPOLITAN** : | |
| **AREA TRANSIT AUTHORITY** : | |
| : | |
| **Defendant.** : | |

## DEFENDANT WMATA'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through counsel, hereby submits its Supplemental Answers to Plaintiff's Interrogatories as follows:

## PRELIMINARY STATEMENT

WMATA reserves the right to rely on any facts, documents, or other evidence which may develop or come to WMATA's attention. WMATA's answers are set forth herein without prejudice to WMATA's right to assert additional objections or supplemental answers should WMATA discover additional information or grounds for objections. WMATA reserves the right to supplement or amend these answers at any time prior to trial to this action.

## GENERAL OBJECTIONS

WMATA submits the following general objections to the Plaintiff's Interrogatories:

307326713v.1

WMATA objects to providing any discovery related to its opinions, evaluations, and self-evaluations following the accident at issue in this case, on the basis that such post-accident evaluations or opinions are protected by WMATA's self-evaluative privilege. *See Felder v. Washington Metro. Area Transit Auth.,* 153 F. Supp.3d 221, 224-228 (D.D.C. 2015). *Sutton v. Wash. Metro. Area Transit Auth.*, Civil Action No. 07-1197, slip op at 3-4 (D.D.C. 2007). (precluding discovery of opinions, conclusions and decisions in disciplinary records involving a WMATA bus operator); *Plough v. Nat'l Academy of Sciences*, 530 A.2d 1152, 1157 (D.C. 1987)(citations omitted); *Granger v. Nat'l R.R. Passenger Corp.,* 116 F.R.D. 507, 510 (E.D. Penn. 1987) (conclusions, opinions and recommendations sections of an internal Amtrak investigation into an accident involving an employee).

WMATA further objects to answering any interrogatory on matters that are part of its deliberative or pre-decisional process. *See Hinckley v. United States*, 140 F.3d 277, 284 (D.C. Cir. 1998) and cases cited therein.

## **SUPPLEMENTAL ANSWERS TO INTERROGATORIES**

6. If you contend that Plaintiff was contributorily negligent, please state all facts upon which you intend to rely in order to support this contention, and identify all witnesses that have knowledge of these facts.

    ANSWER: Objection. Calls for legal conclusion. Calls for mental impressions of counsel and trial strategy. Furthermore, discovery is ongoing and WMATA is still in the process of gathering facts. WMATA intends to rely on any and all information revealed and/or exchanged through discovery in its defense.

    **SUPPLEMENTAL ANSWER: Subject to and without waiving any objections, WMATA states the following:**

    **Plaintiff Carol Wild Scott was deposed under oath on November 9, 2022. Ms. Scott testified that she has commuted on the WMATA Orange Line daily for approximately twenty (20) years. Scott Dep. 19:8-20-1. During this period, she boarded the Orange Line in Vienna and exited at either McPherson Square or Capitol Hill. Scott Dep. 20:12-21:1.**

307326713v.1

**She further testified that on the day of the alleged incident she boarded an Orange Line WMATA train at the Vienna station and traveled on the train to McPherson Square station. Scott Dep. 17:11-13. Ms. Scott testified that at several stations during the trip, the train would stop and then move forward. Scott Dep. 17:13-17; 28:15-21. She described the physical movement of the train when it would move forward at the stations as a mixture, "[b]ut that a couple of time it was a real jerk." Scott Dep. 31:16-21.**

**Ms. Scott carried with her a purse and a cane. Scott Dep. 25:12-13. When Ms. Scott stood up from her seat at McPherson station, she did not hold on to any handholds on the train. Scott Dep. 30:10-31:4. She did not use her cane to support herself. Scott Dep. 34:6-18. Ms. Scott testified that she only used the cane "half and half" to maintain her balance while standing up. Scott Dep. 35:16-19. Ms. Scott had a notice of the train reberthing at prior stations along her route prior to her fall, and she failed to use available handholds or her cane to support herself or prevent her fall.**

Date: January 24th, 2025                Respectfully submitted,

                                        */s/ Jason R. Waters*
                                        Jason R. Waters, Esq. (D.C. Bar No.: 491066)
                                        8444 Westpark Drive - Suite 510
                                        McLean, VA 22102-5102
                                        Telephone: (703) 245-9300
                                        Facsimile: (703) 245-9301
                                        Jason.Waters@wilsonelser.com

                                        Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
                                        1500 K Street, NW, Suite 330
                                        Washington, D.C. 20005
                                        Telephone: (202) 626-7660
                                        Facsimile: (202) 628-3606
                                        Patricia.Beall@wilsonelser.com
                                        *Counsel for Defendant Washington Metropolitan Area Transit Authority*

                                        **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

                                        */s/ Laurie Hand*
                                        Laurie Hand, Esq. (DC Bar No.: 435095)
                                        Washington Metropolitan Area Transit Authority
                                        Legal Department 7E
                                        P.O. Box 23768

Washington, D.C. 20026
Tel.: (202) 962-5063
Fax: (202) 962-2550
LAHand@wmata.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

## VERIFICATION OF DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES

I HEREBY CERTIFY under penalties of perjury that I am executing these Answers to Interrogatories on behalf of Washington Metropolitan Area Transit Authority, and I prepared the foregoing Answers with the assistance of Defense Counsel and with information from the records of Washington Metropolitan Area Transit Authority, and from information that I obtained from the agents, servants, and employees of Washington Metropolitan Area Transit Authority, and state that the Answers are true to the best of my knowledge, recollection, and belief.

DATE: January 27, 2025                April Rice

307326713v.1