IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL W. SCOTT,<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>**Defendant.** | Case No.: 1:22-cv-00601 CRC |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S REPLY IN SUPPORT OF ITS PRETRIAL MOTIONS IN LIMINE**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, files this Reply in support of its previously filed Pretrial Motions in Limine [ECF #43], seeking to exclude certain topics of testimony and potential trial exhibits, pursuant to Federal Rules of Evidence 401, 402, and 403.

Plaintiff's Opposition to the Motions in Limine [ECF #45] fails to directly refute or address WMATA's arguments in support of its motion to exclude evidence of unrelated Standard Operations Procedures, incidents, or accidents. Instead, Plaintiff improperly and irrelevantly spends the first eleven pages of her opposition discussing WMATA articles[1], videos, interviews, and information about WMATA trains overrunning stations, which is not the allegation in this case. She also inexplicably attaches x-rays, which have no bearing on any of the motions in

---

[1] Plaintiff's citation to a 2023 press release concerning WMATA's planned use of automatic-door functions and her reference to Automatic Train Operation (which has been overseen by the Washington Metrorail Safety Commission, in any event) are irrelevant and inadmissible for several reasons, including because it is a subsequent remedial measure under Federal Rule of Evidence 407.

1

limine before the Court. In her argument, Plaintiff never even refers to Federal Rule of Evidence 401 or 402, the basis for many of WMATA's motions in limine. Plaintiff's Opposition confirms what WMATA feared – Plaintiff is not attempting to try this case on its own merits but is planning to present a "reptilian" case by introducing unrelated events involving WMATA and trying to capitalize on any prejudice against WMATA as an entity, despite the fact that WMATA is indisputably immune from punitive damages claims.

## ARGUMENT

### I. WMATA has Sufficiently Asserted Its Arguments in Its Motion and Memorandum.

Plaintiff, in kindly acknowledging that that WMATA is a "sophisticated litigant," seems concerned that WMATA has not sufficiently stated its arguments in its pretrial motions in limine, and that it may seek to raise new arguments in this reply. [ECF #45 at 17-18]. WMATA has stated its arguments for these three pretrial motions in limine sufficiently, citing appropriate law for each. Plaintiff should not take WMATA's brevity with an incomplete argument. The fact that Plaintiff requires more pages for an inappropriate and irrelevant factual recitation than it takes for WMATA to argue for the exclusion of evidence should not weigh against WMATA.

As explained in greater below, WMATA clearly identified those Standard Operating Procedures (hereinafter "SOPs") not subject to this motion in limine and the proper standard for exclusion of all other unrelated SOPs. WMATA has asserted the federal rules, standards, and case law governing exclusion of all other WMATA events and incidents. And WMATA has detailed why Ms. Johnson's field file is not relevant and should be excluded. Therefore, WMATA focuses this reply on Plaintiff's inappropriate statements of fact and law, Plaintiff's confusing arguments, Plaintiff's failure to refute WMATA's argument, and WMATA's reassertion that these motions in limine are properly granted.

## II. Plaintiff Fails to Refute that Unrelated SOPs Should be Excluded.

In arguing that the SOPs should not be excluded, Plaintiff first states that WMATA "does not specify any SOPs to which it refers," then less than a page later acknowledges that WMATA has explicitly stated in its motion that SOP 40.5.1.3.3 and SOP 50.5.1.1 may be relevant, and therefore would not be properly excluded on a pretrial motion. [ECF #45 at 12].

Plaintiff seemingly attempts to argue with WMATA that the SOPs are not evidence of standard of care, citing the very cases WMATA cited in its motion. WMATA agrees – when, there is a valid expert, the SOPs, while themselves not the standard of care, may be presented as *evidence* regarding a national standard of care. *Robinson v. WMATA*, 774 F.3d 33, 39 (D.D.C. 2014); *English v. WMATA*, 323 F.R.D. 1, 24 (2017); *Mahnke v. WMATA*, 821 F. Supp. 2d 125, 149 (D. D.C. 2011).

From what WMATA can discern from Plaintiff's rambling and contradictory opposition, Plaintiff and WMATA both seem to agree that besides certain sections of SOPs 40 and 50, all other SOPs are irrelevant and should not be admitted as evidence in this case. While Plaintiff attempts to reserve the right to introduce other SOPs as impeachment evidence, if the need arises, they make no argument demonstrating that other SOPs are implicated by the claims in this case or would have any probative value. Therefore, WMATA respectfully submits that, due to the lack of opposition, this Court should preclude all testimony and evidence as to SOPs, other than the select identified portions of SOPs 40 and 50.

Turning to SOPs 40 and 50, WMATA already acknowledged that SOP 40.5.1.3.3 and SOP 50.5.1.1 are not subject to this motion, if this Court diverges from the numerous other judges who have excluded Dr. Berkowitz from testifying as an expert. However, the remainder of SOPs 40 and 50 are not relevant. Dr. Berkowitz has stated in his report that he believes that

3

WMATA violated 40.5.1.3.3 and 50.5.1. *See* Ex. A, Berkowitz Supp. Report at 5. Since the SOPs themselves do not create a national standard of care, but may only be used, in relation to expert testimony, as *evidence* of a standard of care, only those that Dr. Berkowitz has stated that he believed were breached may potentially be relevant.

Rather than even attempt to argue that the remainder of SOPs 40 and 50 are relevant, Plaintiff argues that the full SOPs should be admitted under the doctrine of completeness. However, Plaintiff fails to even cite the applicable rule for such doctrine, instead citing to *Old Chief v. United States*, 519 U.S. 172, 189 (1997)[2], a completely different factual circumstance and legal argument, which Plaintiff admits. The portion of the case that Plaintiff cites does not deal with the doctrine of completeness at all – rather the Court is discussing in a criminal trial the prosecution and defense strategies in presenting their cases.

Federal Rule of Evidence 106 states, in part, that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time." Here, each individual subsection of WMATA's SOPs are separate statements. While they are grouped, SOPs 40.5.1.3.3 and 50.5.1 can, and do, stand on their own. The introduction of the full SOPs 40 and 50 would simply confuse the jury, as they are not relevant to the facts or claim before the Court.

### III. Plaintiff Fails to Establish that Unrelated Events are Relevant and Successfully Demonstrates WMATA's Point that She is Attempting to Prejudice the Jury.

Plaintiff states that since WMATA has not stated with specificity what other events or incidents WMATA is seeking to preclude, that this motion in limine fails. Plaintiff's argument fails for the simple reason that WMATA is seeking to exclude evidence and testimony of "**[a]ny**

---

[2] Plaintiff incorrectly cites to page 188 of this opinion, when the cited portion is in fact on page 189.

4

incident, accident, or other lawsuit involving WMATA," [ECF #43 at 6] (emphasis added). Therefore there is no need to specifically cite every single allegation, incident, or lawsuit alleged against WMATA. WMATA's argument for exclusion applies to all other events because such evidence and testimony would not be relevant, probative, would be unfairly prejudicial, and would confuse the jury. WMATA is not attempting to "hide," anything – Plaintiff's argument otherwise is offensive.

As WMATA stated in its memorandum of law in support of its motions in limine, WMATA fears that Plaintiff in this case is attempting to obtain a favorable verdict not on the merits of her case, but by introducing evidence of other matters to "unfairly prejudice them against WMATA as an organization." [ECF #43 at 7]. Plaintiff has confirmed that this is their plan through their opposition, in which they refer to hearsay articles appearing in the *Washington Post* about WMATA safety and broad allegations of a "spate of incidents eerily similar to the one that caused Ms. Scott's injuries." She also references the irrelevant 2009 Red Line Fort Totten crash. [ECF #45 at 14]. There is no relevant reason for any evidence or testimony regarding any other event, incident, or lawsuit to be admitted in this case, perhaps none more than the 2009 Red Line Fort Totten accident, which has exactly zero probative relation to this accident. Plaintiff's only possible objective is to inject fear into the minds of the jury, to present a "reptile" theory case against a defendant that is immune from punitive damages.

Notably missing from Plaintiff's opposition is any reference to Federal Rule of Evidence 401 or 402 or any case law at all that would support that other events or incidents would be relevant to this case. Neither does Plaintiff refute the case law or rules that WMATA cites. While Plaintiff states that "imagining the most relevant incidents that come to mind, it is clear that there are incidents that could properly come into evidence at trial," she fails to give examples of these

incidents or why they are relevant. Thus, respectfully, WMATA submits that this Court should grant WMATA's motion in limine to exclude evidence of any other incident, accident, or lawsuit involving WMATA.

### IV. Plaintiff Fails to Demonstrate why Prior Unrelated Operator Incidents Should be Excluded.

Plaintiff asserts that WMATA's operator Ms. Johnson's history of other incidents – specifically two alleged station overruns – is relevant to this matter "because it helps establish (1) that short-stops were commonplace for the train operator and, correspondingly, (2) that it would have proven incredibly monotonous and onerous for her to keep having to repeat the required warning to passengers before repositioning the train." [ECF #45 at 16].

As an initial matter, Plaintiff makes no argument that the other portions of Ms. Johnson's field file, including internal WMATA memorandum and information regarding her time off requests, sick leave, pay information, and other material should be admissible. Additionally, Plaintiff has made no attempt to refute WMATA's argument regarding WMATA's immunity related to the hiring, training, and supervision of their employees. *See Harris v. WMATA*, 490 F. Supp. 3d 295, 313 (D. D.C. 2020) (citing *Burkhart v. WMATA*, 112 F.3d 1207, 1217 (1997)); *Beebe v. WMATA*, 129 F.3d 1283, 1287 (D.C. Cir. 1997); *Turner v. WMATA*, 701 F. Supp. 2d 61, 70–71 (D.D.C. 2010); *see also* Washington Metropolitan Area Transit Authority Compact, 80 Stat. 1350, Pub. L. 89-774 (November 6, 1966) codified at D.C. Code §9-1107.1 (1981) and §9-1107.10 (2007). Plaintiff does not even reference WMATA's assertion of immunity. Thus, since Plaintiff has conceded that argument, this Court should properly exclude all evidence and testimony of the majority of Ms. Johnson's field file.

Regarding the two allegations of station overruns in Ms. Johnson's field file, evidence of such incidents is not relevant and are properly excluded. First, the allegations before the Court in

6

this case do not present a station overrun. Rather, this case involves allegations of a train repositioning after stopping short of the platform- the opposite of an overrun. Plaintiff tries to make the connection that concerns of overruns lead to premature berthings, or "short-stops." However, Plaintiff offers no expert opinion or testimony to make that connection – as it stands, Plaintiff simply is making such speculative connection herself. Plaintiff's cited statements from WMATA spokespersons that short-stops are preferred to overruns is rank hearsay. Such evidence would be improper lay testimony, would be speculative, and would prejudice and confuse the jury. Second, Plaintiff makes the confusing argument that evidence of Ms. Johnson's prior overruns are relevant because they demonstrate that it would be "incredibly monotonous and onerous for her to keep having to repeat the required warning to passengers before repositioning the train." [ECF #45 at 16]. Again, this argument simply makes no sense and is solely based on speculation.

    The two allegations of prior overruns by Ms. Johnson have no probative value in this case. Plaintiff has not pointed to a single element of her cause of action which such evidence would make more likely. Plaintiff has offered no expert testimony to draw a connection between overruns and short-stops. Such evidence of Ms. Johnson's prior overruns would only confuse the jury, without expert testimony connecting overruns and short-stops. Moreover, the fact that Ms. Johnson may have had two overruns prior to this allegation does not make it more or less likely that this short-stop occurred or that WMATA was negligent. Therefore, along with the other undisputed portions of Ms. Johnson's field file, all evidence and testimony regarding Ms. Johnson's prior incidents, including the two overruns, is properly excluded.

**V.       The Court Should not Endorse Plaintiff's Reptilian Tactics.**

WMATA respectfully notes that the majority of Plaintiff's opposition, arguments, and assertions revolve around their apparent desire to introduce evidence of other events and occurrences involving WMATA – whether factually similar or not – without an articulated argument as to how those other events, such as the 2009 Red Line Fort Totten crash, WMATA public statements, and vague statements about other similar accidents, are in any way relevant to this claim. Without an articulated reason or theory as to how other events or incidents are relevant, the only reasonable conclusion to draw is that Plaintiff is attempting to prevail on her claim not on the merits, but by throwing any and all incidents involving WMATA as she can at the jury, to prejudice them against WMATA so much that they are passing judgment on WMATA as an organization instead of ruling on this particular case. Plaintiff's transparent attempts to present a "reptile" theory case are wholly inappropriate. In considering WMATA's motion, and Plaintiff's opposition, WMATA requests that the Court consider Plaintiff's desire to introduce this evidence absent an articulable reason as to relevance.

## CONCLUSION

Therefore, for the reasons set forth above, and for those previously asserted in the Motions in Limine, and the corresponding memorandum in support, and those that may be advanced at oral argument, Defendant Washington Metropolitan Area Transit Authority respectfully requests that the Court grant the Motions in Limine and preclude Plaintiffs from introducing evidence or eliciting testimony at trial regarding unrelated SOPs, unrelated events/incidents, and the WMATA Operator's field file, and for any other relief this Court deems just and fair.

308849191v.1
308849191v.1

February 26, 2025                                  Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com

Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com

*Counsel for Defendant Washington
Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

*/s/ Laurie Hand*
Laurie Hand, Esq. (DC Bar No.: 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026
Tel.: (202) 962-5063
Fax: (202) 962-2550
LAHand@wmata.com

*Counsel for Defendant Washington
Metropolitan Area Transit Authority*

308849191v.1
308849191v.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 26, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                          */s/ Jason R. Waters*
                                          Jason R. Waters

308849191v.1
308849191v.1