UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT,** | : |
| Plaintiff, | : |
| v. | : Case No. 22-cv-601 (CRC) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | : |
| | : |
| Defendant. | |

### JOINT PRETRIAL STATEMENT

The parties, by and through their respective undersigned counsel, hereby submit their Joint Pretrial Statement. The Pretrial Conference is scheduled for April 15, 2025, at 11:00 a.m., and the Trial in this matter is scheduled to begin at 9:30 a.m. on April 21, 2025.

**I.   PARTIES AND COUNSEL**

**Plaintiff:**

| | |
|---|---|
| Carol Scott | Patrick M. Regan, Esquire |
| | pregan@reganfirm.com |
| | Christopher J. Regan, Esquire |
| | cregan@reganfirm.com |
| | Regan Zambri Long PLLC |
| | 1919 M Street, NW, Suite 600 |
| | Washington, DC 20036 |
| | (202) 463-3030 |
| | (202) 463-0667 (Fax) |

**Defendant:**

| | |
|---|---|
| Washington Metropolitan Area Transit Authority | Jason R. Waters, Esquire |
| | jason.waters@wilsonelser.com |
| | Lauren E. Gilman, Esquire |
| | Lauren.gilman@wilsonelser.com |
| | Wilson, Elser, Moskowitz, Edelman & Dicker, LLP |
| | 8444 Westpark Drive, Suite 510 |
| | McLean, VA 22102 |

(703) 245-9300
(703) 245-9301 (Fax)

Patricia H. Beall, Esquire
patricia.beall@wilsonelser.com
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
1500 K Street, NW, Suite 330
Washington, DC 20005
(202) 626-7660
(202) 628-3606 (Fax)

Laurie Hand, Esquire
lahand@wmata.com
Washington Metropolitan
Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, DC 20026
(202) 962-5063
(202) 962-2550 (Fax)

**II.** **NATURE OF THE CASE**

    **A.** **Plaintiff**

On September 23, 2019, the plaintiff Carol Scott boarded a WMATA Orange Line subway train in Vienna, Virginia and traveled to McPherson Square subway stop. The WMATA train operator stopped her train at the McPherson Square station platform, then—after passengers including Carol Scott had begun standing up to disembark—violently jerked the train forward without providing any warning to her passengers. As a result of this action by the train operator, Ms. Scott was thrown to the floor, suffering injuries including a fracture of her left hip that required surgery.

    **B.** **Defendant**

On September 23, 2019, Plaintiff boarded a WMATA Orange Line train in Vienna, Virginia, traveling to the McPherson Square Station. At several stops during the trip, Ms. Scott recalled that the train would stop as it approached the station and then moved forward to its final berth at

- 2 -

310631380v.1

the platform. After the train arrived at McPherson Square, Ms. Scott stood up prior to the doors opening without holding on to anything. The train moved forward to its final berth at the platform. Ms. Scott alleges that because of the train's movement, Ms. Scott fell and sustained injuries.

## III. CLAIMS AND/OR DEFENSES

### A. Plaintiff's Claims

1. WMATA was negligent and violated the national standard of care by failing to provide the required announcement to passengers that the train was about to move.

2. WMATA's negligence and violation of the national standard of care, as well as its own Standard Operating Procedures, caused Ms. Scott to fall and suffer serious injuries.

3. Ms. Scott is entitled to all damages under the law caused by WMATA's negligent conduct.

### B. Defendant's Defenses

WMATA denies that it was negligent in this case. WMATA asserts that Plaintiff was contributorily negligent and that she assumed the risk of jerks and jolts on rail transit. WMATA also disputes the alleged extent and severity of Plaintiff's claimed injuries.

## IV. UNDISPUTED ISSUES/STIPULATIONS

### A. Plaintiff

1. The WMATA train operator, Dominic Johnson, was an agent and employee of WMATA at all times on September 23, 2019, when she was operating the WMATA train.

2. WMATA is legally responsible for all injuries and damages caused by any negligent conduct of the train operator, Dominic Johnson.

    a. WMATA objects as this is a conclusion of law.

3. The WMATA Incident/Accident Report is a "business record" that falls within FED R. EVID. 803(6).

- 3 -

        a. WMATA objects to the extent that this is a conclusion of law and does not address the hearsay statements within the document.

   **B.**    **Defendant**

1. WMATA enjoys sovereign immunity with respect to its discretionary decisions and may not be found liable for claims of negligent design of railcars or claims of negligent hiring, training, and supervision of employees involving alleged tortious conduct. WMATA also enjoys sovereign immunity from punitive damages.

## V. LIST OF WITNESSES

   **A.**    **Plaintiff's List of Witnesses**

1. Carol Scott
2. Alfred Emondi
3. Don Phillip
4. Stacy Swain
5. Dominic Johnson (WMATA Train Operator)
6. Ellen Chase
   a. WMATA objects on the basis that this person was not been identified in discovery.
7. Rebecca Hunter
   a. WMATA objects on the basis that this person was not been identified in discovery.
8. Keisha Simone Henry, WMATA Corp Designee
9. Clev Bernard Ibanez Bennett, WMATA Corp Designee
10. R. Currie, WMATA Employee # 000845 (preparer of WMATA/RTRA Incident/Accident Report)
11. Carl M. Berkowitz, Ph.D., PE, AICP (Expert)
12. Rajkumar Rao, M.D.           (Expert)

- 4 -

        13.     Andrew R. Bishop, M.D.           (Expert)

        14.     All witnesses listed by Defendant

**B.**     <u>**Defendant's List of Witnesses**</u>

        1.     Dr. Denis Harris, M.D.           (Expert)

        2.     Clevbernard Ibanez Bennett

        3.     Keisha Simone Henry

        4.     Dominic Johnson

        5.     Defendant reserves the right to call any necessary custodian of records for the purpose of authenticating any necessary documents. Defendant also reserves the right to call as witnesses any individuals who may be necessary to provide the foundation for admissibility of any documents or things, which are sought to be introduced into evidence by the Defendant, but which are not stipulated to.

        6.     Defendant respectfully reserves the right to call as witnesses any other individuals for purposes of rebuttal or impeachment.

        7.     All witnesses listed by Plaintiff to whom Defendant does not object.

**VI.**     <u>**LIST OF EXHIBITS**</u>

    **A.**     <u>**Plaintiff's List of Exhibits**</u>

        1.     WMATA SOP 50

            a.     WMATA objects on the following grounds:

                i.    For the reasons stated in WMATA's motion in limine

                ii.   FRE 402 – Irrelevant

                iii.  FRE 403 – Likely to Confuse Jury

        2.     WMATA SOP 40

            a.     WMATA objects on the following grounds:

                i.    For the reasons stated in WMATA's motion in limine

                ii.   FRE 402 – Irrelevant

                iii.  FRE 403 – Likely to Confuse Jury

    3.     WMATA Incident/Accident Report

         a.     WMATA objects on the following grounds:

             i.  FRE 802 - Hearsay

    4.     Dominic Johnson Signed Statement

         a.     WMATA objects on the following grounds:

             i.  FRE 802 - Hearsay

    5.     Medical Illustration:    Carol Scott's Impacted Femur Fracture

         a.     WMATA objects on the following grounds:

             i.  FRE 402 – Irrelevant

            ii.  FRE 403 – Likely to Confuse Jury

            iii.  FRE 901-902 – Authentication and lack of foundation

            iv.  FRE 403 – Unfair prejudice

            v.  FRE 802 - Hearsay

    6.     Medical Illustration:    Carol Scott's 9/24/2019 Intramedullary Rodding Surgery: Part I

         a.     WMATA objects on the following grounds:

             i.  FRE 402 – Irrelevant

            ii.  FRE 403 – Likely to Confuse Jury

            iii.  FRE 901-902 – Authentication and lack of foundation

            iv.  FRE 403 – Unfair prejudice

            v.  FRE 802 - Hearsay

    7.     Medical Illustration:    Carol Scott's 9/24/2019 Intramedullary Rodding Surgery: Part II

         a.     WMATA objects on the following grounds:

             i.  FRE 402 – Irrelevant

            ii.  FRE 403 – Likely to Confuse Jury

       iii. FRE 901-902 – Authentication and lack of foundation

       iv. FRE 403 – Unfair prejudice

       v. FRE 802 - Hearsay

8. Medical Device Exemplar: J&J DePuy Synthes TFN-ADVANCED™ Proximal Femoral Nailing System

    a. WMATA objects on the following grounds:

       i. FRE 402 – Irrelevant

       ii. FRE 403 – Likely to Confuse Jury

       iii. FRE 901-902 – Authentication and lack of foundation

       iv. FRE 403 – Unfair prejudice

       v. FRE 802 - Hearsay

9. 4/20/19 Station Overrun Report

    a. WMATA objects on the following grounds:

       i. For the reasons stated in WMATA's motion in limine

       ii. FRE 402 - Irrelevant

10. 4/28/19 Station Overrun Report

    a. WMATA objects on the following grounds:

       i. For the reasons stated in WMATA's motion in limine

       ii. FRE 402 - Irrelevant

11. RTRA Training Request Form

    a. WMATA objects on the following grounds:

       i. FRE 402 – Irrelevant

       ii. FRE 403 – Unfair prejudice

       iii. FRE 802 – Hearsay

310631380v.1

                    iv. Protected by the self-evaluative privilege. *See Wainwright v. Washington Metro. Area Transit Auth.*, F.R.D. 391, 396 (D.D.C. 1995).

12. WMATA Press Release 3/4/2019: Metro begins testing automatic door operations on passenger trains

    a. WMATA objects on the following grounds:

        i. FRE 402 – Irrelevant

        ii. FRE 403 – Unfair prejudice

        iii. FRE 407 – Subsequent remedial measure

13. WMATA Press Release 6/19/2019: Doors opening automatically starting July 7 on Red Line trains

    a. WMATA objects on the following grounds:

        i. FRE 402 – Irrelevant

        ii. FRE 403 – Unfair prejudice

        iii. FRE 407 – Subsequent remedial measure

14. MetroForward, "Auto Doors: How fast do they open?"[1]

    a. WMATA objects on the following grounds:

        i. FRE 402 – Irrelevant

        ii. FRE 403 – Unfair prejudice

        iii. FRE 407 – Subsequent remedial measure

15. "Doors opening… faster! Metro preparing for Auto Doors"[2]

    a. WMATA objects on the following grounds:

        i. FRE 402 – Irrelevant

        ii. FRE 403 – Unfair prejudice

---

[1] https://www.wmata.com/initiatives/plans/Automatic-Train-Operation-ATO/ATO-Videos.cfm.

[2] https://www.wmata.com/about/news/ADO-operator-certification.cfm.

- 8 -

        iii. FRE 407 – Subsequent remedial measure

16. Itemization of Medical Bills

    a. WMATA objects on the following grounds:

        i. FRE 901-902 – Authentication and lack of foundation

        ii. FRE 802 - Hearsay

17. Plaintiff's Medical Records

    a. WMATA objects on the following grounds:

        i. FRE 901-902 – Authentication and lack of foundation

        ii. FRE 802 - Hearsay

18. Carl M. Berkowitz, Ph.D., PE, AICP Preliminary Report

    a. WMATA objects on the following grounds:

        i. For the reasons stated in WMATA's motion in limine

        ii. FRE 802 - Hearsay

19. Carl M. Berkowitz, Ph.D., PE, AICP Supplemental Report

    a. WMATA objects on the following grounds:

        i. For the reasons stated in WMATA's motion in limine

        ii. FRE 802 - Hearsay

20. Carl M. Berkowitz, Ph.D., PE, AICP CV

    a. WMATA objects on the following grounds:

        i. For the reasons stated in WMATA's motion in limine

        ii. FRE 802 - Hearsay

21. Andrew R. Bishop, M.D. CV

22. Rajkumar Rao, M.D. CV

23. All exhibits listed by Defendant WMATA

24. Appropriate impeachment and rebuttal exhibits

B. **Defendant's List of Exhibits**

| Exhibit No. | Bates No. | Description |
|---|---|---|
| 1* | WMATA000010 | WMATA Maintenance and Material Management System Incident Details |
| 2* | WMATA000017 | WMATA Maintenance and Material Management System Work Order Details |
| 3 | | Dr. Denis Harris, MD Report |
| 4 | | Dr. Denis Harris, MD CV |
| | | All exhibits listed by the Plaintiff to which Defendant does not object. |

## VII. DESIGNATION OF DEPOSITIONS

### A. Plaintiff's Designations

1. WMATA (Henry): 6:1-9:20, 29:4-30:22, 31:15-32:30, 35:17-38:03, 39:6-40:14, 46:1-47:15, 48:4-53:6, 58:1-62:1, 67:6-69:18, 78:6-21.

   a. WMATA objects on the following grounds:

      i. FRCP 32 and FRE 804 – inappropriate if the witness is available.

2. WMATA (Bennett): 6:1-8, 8:1-10:2, 12:8-17:15, 31:6-32:7.

   a. Depending on Defendant's intended use of its proposed Ex. 7: 17:18-24:4.

      a. WMATA objects on the following grounds:

         i. FRCP 32 and FRE 804 – inappropriate if the witness is available.

### B. Defendant's Designations

1. None

## VIII. DEMONSTRATIVE EVIDENCE

### A. Plaintiff

None other than those listed in exhibits.

### B. Defendant

None.

- 10 -

310631380v.1

## IX. RELIEF SOUGHT

### A. Plaintiff

Plaintiff requests judgment in her favor in the full amount of her damages.

### B. Defendant

Judgment for Defendant on all claims and any and all other appropriate relief.

## X. PENDING MOTIONS

1. Defendant's Motion *in Limine* (ECF No. 43)

2. Defendant's Motion *in Limine* re Dr. Berkowitz (ECF No. 42)

## XI. PROPOSED VOIR DIRE

### Joint

See Exhibit 1.

### Plaintiff

See Exhibit 2.

### Defendant

See Exhibit 3.

## XII. PROPOSED JURY INSTRUCTIONS[3]

### Jointly Requested

**Standardized Civil Jury Instructions for the District of Columbia:**
Chapter 5: Negligence
5.01    Elements of a Negligence Claim
5.02    Negligence Defined
5.05    Exceptional Skill Not Required/Specialized Skill
5.06    No Comparative Negligence
5.12    Cause Defined
5.13    Multiple Causes
5.15    Contributory Negligence Defined
5.20    Fact of Accident Alone

---

[3] Pursuant to the Court's Standard Pretrial Order, under separate cover, the parties will be submitting to Chambers the full jury instructions in Word format.

Chapter 6: Vicarious Liability
6.01   Establishing Employer-Employee Relationship
6.02   Vicarious Liability—Basis
6.03   Agency or Scope of Employment Conceded

Chapter 8: Common Carrier Cases
8.01   Common Carrier—Degree of Care
8.02   Common Carrier—Passenger Relationship

Chapter 12:  Damages—General
12.01   Damages—Jury to Award
12.02   Extent of Damages—Cause
12.03   Burden of Proof—Speculative Damages

Chapter 13: Personal Injury Damages
13.01   Damages—Elements
13.03   Medical Treatment


**Plaintiff**

**Standardized Civil Jury Instructions for the District of Columbia:**
Chapter 2: Evaluating Evidence and Witnesses
2.02   Evidence in the Case
2.03   Direct and Circumstantial Evidence
2.04   Burden of Proof
2.06   Inadmissible and Stricken Evidence
2.07   Stipulations
2.10   Credibility of Witnesses
2.11   Number of Witnesses and Exhibits
2.12   Specialized Opinion Testimony
2.13   Depositions as Evidence
2.14   Impeachment by Prior Inconsistent Statement
2.15   Adopting Prior Inconsistent Statements
2.16   Charts and Summaries as Demonstrative or Instructional Aids

Chapter 3: Concluding Instructions
3.01   Function of the Jury and Considering Instructions as a Whole
3.02   Selection of Foreperson
3.03   Unanimity and Duty to Deliberate
3.04   Beginning of Deliberations
3.05   Communications Between Court and Jury
3.07   Delivering the Verdict

Chapter 5: Negligence
5.03     Assessment of the Circumstances
5.04     Right to Assume Proper Conduct by Others
5.21     Negligent Infliction of Emotional Distress

Chapter 8: Common Carrier Cases
8.03     Duty to Boarding or Alighting Passenger

Chapter 13: Personal Injury Damages
13.07    Aggravation
13.08    Special Susceptibility
13.09    Recovery for Emotional Distress
13.10    Life Expectancy

**Defendant:**

**Modern Federal Jury Instructions:**
*Pattern Jury Instructions*
Chapter 1: Preliminary Instructions
1.1 Instructions for the Beginning of Trial

Chapter 2: General Instructions:
2.6 Limiting Instruction
2.7 Charts and Summaries
2.8 Demonstrative Evidence
2.11 Impeachment by Witness's Inconsistent Statement
2.13 Deposition Testimony
2.16 Bias – Corporate Party Involved

Chapter 3: Jury Charge
3.1 Jury Charge
3.2 Burden of Proof: Preponderance of the Evidence
3.3 Evidence
3.4 Witnesses
3.5 Expert Witnesses
3.6 No Inference from Filing Suit

*General Jury Instructions*
Chapter 77: Damages
77.01 Damages

**Standardized Civil Jury Instructions for the District of Columbia:**
Chapter 2: Evaluating Evidence and Witnesses
2.08 Evidence Admitted for a limited purpose

<u>Chapter 5: Negligence</u>
5.18 Assumption of Risk

<u>Chapter 8: Common Carrier Cases</u>
8.05 Sudden Starts, Stops, Jerks, or Jars
8.11 Passenger's Contributory Negligence

<u>Chapter 12: Damages—General</u>
12.07 Duty to Mitigate Damages

<u>Chapter 13: Personal Injury Damages</u>
13.04 Lost Earnings—Past and Present
13.05 Lost Earnings—Future

Defendant Non-Standard:

1. WMATA may not be found liable for claims of negligent hiring, training, and supervision involving alleged tortious conduct. *See* WMATA Compact Section 80, Pub. L. No. 89-774, 80 Stat. 1324 (1966) (codified as amended at D.C. Code § 9-1107.01 et seq.).

    *a.* Plaintiff objects to this instruction on the grounds that no such claims are before the Court and the instruction will serve only to confuse the issues.

2. To establish a standard of care through expert testimony, the plaintiff's expert is required to "identify a 'concrete [national] standard upon which a finding of negligence could be based.'" *Robinson v. WMATA*, 858 F. Supp. 2d 33, 39 (quoting *District of Columbia v. Carmichael*, 577 A.2d 312, 315 (D.C. 1990) (noting expert must proffer "a specific, articulable (and articulated) standard of care")). "Neither personal opinions nor unsupported generalizations provide a permissible basis for the expert's articulation of the applicable standard of care." *Liser v. Smith*, 254 F. Supp. 2d 89, 103 (D. D.C. 2003).

      *a.* Plaintiff objects to this instruction on the grounds that it does not present an accurate statement of the law.

3. Punitive damages are not recoverable against WMATA. *See Lucero-Nelson v. WMATA.*, 1 F.Supp. 2d 1, 10 (D.D.C. 1998) (citing Section 102(b)(1) of the Civil Rights Act of 1991 that punitive damages are not recoverable against "a government, government agency or political subdivision."); *see also* WMATA Compact Section 80, Pub. L. No. 89-774, 80 Stat. 1324 (1966) (codified as amended at D.C. Code § 9-1107.01 et seq.).

      *a.* Plaintiff objects to this instruction on the grounds that no such claims are before the Court and the instruction will serve only to confuse the issues.

## XIII. PROPOSED VERDICT FORMS

<u>Plaintiff's Proposed Verdict Form</u>

See Exhibit 4.

<u>Defendant's Proposed Verdict Form</u>

See Exhibit 5.

## XIV. OTHER MATTERS

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: /s/ *Patrick M. Regan*
    Patrick M. Regan    #336107
    pregan@reganfirm.com
    Christopher J. Regan    #1018148
    cregan@reganfirm.com
    1919 M Street, N.W., Suite 600
    Washington, D.C. 20036-3521
    PH: (202) 463-3030
    Fax: (202) 463-0667
    *Attorneys for Plaintiff*

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: /s/ *Jason R. Waters*
    Jason R. Waters    #491066
    jason.waters@wilsonelser.com
    8444 Westpark Drive, Suite 510
    McLean, VA 22102-5102
    PH: (703) 245-9300
    Fax: (703) 245-9301
    *Attorney for Washington Metropolitan*
    *Area Transit Authority*

By: /s/ *Patricia H. Beall*
    Patricia H. Beall    #992515
    patricia.beall@wilsonelser.com
    1500 K Street, NW, Suite 330
    Washington, DC 20005
    PH: (202) 626-7660
    Fax: (202) 628-3606
    *Attorney for Washington Metropolitan*
    *Area Transit Authority*

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

310631380v.1

By: <u>/s/ *Laurie Hand*</u>
Laurie Hand                    #435095
lahand@wmata.com
Legal Department
P.O. Box 23768
Washington, D.C. 20026
PH: (202) 962-5063
Fax: (202) 962-2550
*Attorney for Washington Metropolitan Area Transit Authority*

- 17 -

310631380v.1