IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL W. SCOTT,<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>**Defendant.** | Case No.: 1:22-cv-00601 CRC |

### DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S BRIEFING IN SUPPORT OF OBJECTION REGARDING PLAINTIFF'S OPENING STATEMENT

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, files this brief in support of their oral objection to Plaintiff's assertion during her opening statement inviting the jury to draw a negative inference from WMATA's lack of standard of care experts.

During his opening statement, Plaintiff's counsel asserted that the jury should draw an inference, conclusion, or opinion from WMATA's failure to employ a national standard of care expert. WMATA's objection to this statement should be sustained because Plaintiff's counsel's statement constituted an improper attempt to shift the legal burden of proof to WMATA. Plaintiff's counsel's statement also impermissibly encourages the jury to reach an improper negative inference, which is highly prejudicial.

**ARGUMENT**

I. **Plaintiff's Counsel's Statement Impermissibly Shifts Plaintiff's Burden to Defendant.**

Plaintiff has the burden to prove her asserted claim. As such, Plaintiff has the duty to prove all required elements of her negligence claim. *See Ponder v. Chase Home Fin., LLC*, 666 F. Supp. 2d 45, 49 (D.D.C. 2009) (internal citations omitted) (emphasis added) ("In order to prove a negligence claim, *a plaintiff* must allege facts establishing '(1) a duty, owed by the defendant to the plaintiff, to exercise reasonable care, (2) a breach of this duty, and (3) an injury to the plaintiff proximately caused by the defendant's breach.'").

As indicated in this Court's summary judgment decision, Plaintiff is required to put forth expert testimony on the appropriate standard of care. *See Tripmacher v. Starwood Hotels & Resorts Worldwide, Inc.*, 277 F. Supp. 3d 104, 108 (D.D.C. 2017) ("D.C. courts often require expert testimony to prove the standard of care."); *Mendoza v. WMATA*, No. 22-1241(RJL), 2024 U.S. Dist. LEXIS 114649 (D.D.C. June 28, 2024); *see also* ECF 34.

"It is a *plaintiff's* burden to establish the standard of care by presenting evidence of the accepted professional conduct." *Macy's, Inc. v. H&M Constr. Co.*, 843 Fed. Appx. 841, 842 (9th Cir. 2021) (emphasis added). There is no corresponding duty for a defendant to put forth its own expert on the standard of care. Rather, a defendant can take many strategic paths to defend against a claim in which plaintiff requires an expert. For example, the defendant can refute the eligibility of plaintiff's expert. Defendant may argue that plaintiff has not proven a different element of the claim. Defendant could also assert a full and complete defense to the claim, such as contributory negligence or assumption of risk.

Unlike a plaintiff, defendants have no obligation to retain an expert or engage in a battle of the experts, especially when they make the strategic decision to defend themselves in a

different manner. To allow Plaintiff to argue that the jury should be able to draw an inference against WMATA for choosing not to retain an expert, when it has no duty to do so, impermissibly shifts the burden of proof to WMATA to retain a standard of care expert even when its defense does not require one, and invites the jury to draw a negative inference before any evidence has even been presented.

Plaintiff's assertion otherwise – that the jury should take into consideration WMATA's decision not to retain a standard of care expert – is a misstatement of law and misleads the jury. The jury should be instructed that counsel's statement was incorrect and that they are to disregard this assertion and make no inference or opinion as to WMATA's use of experts. Rather, it is Plaintiff's burden to establish through expert testimony the standard of care.

**II.     Plaintiff's Statement Seeks to Impose a Wrongful Negative Inference Against WMATA's Strategic Decision to Not Retain a Standard of Care Expert.**

There are few clearly established situations in which a plaintiff, or any party, can suggest to a jury that they should draw a negative or adverse inference from the other party's lack of certain evidence or testimony. *See Gilmore v. District of Columbia*, 2024 U.S. Dist. LEXIS 76225, at *7-8 (D.D.C. August 26, 2024) ("The 'adverse inference' doctrine allows a court to draw a 'negative evidentiary inference' from the spoliation of records.").

The reasoning behind allowing an adverse or negative inference is understandable – it is "warranted in the context of a duty to preserve that arises out of foreseeable litigation." *Id*. at *8. That is not the case here, as discussed above. Plaintiff's counsel's argument seeks to create a new category of adverse inference in which defendants chose a certain strategic path to defend their case. This is not due to any spoliation or bad faith.

Even if Plaintiff could make an adverse inference, or invite the jury to come to a negative conclusion about WMATA's lack of expert witness on the standard of care, the opening statement

311955352v.1

is not the time to make such statement. "Before Plaintiff can argue that the jury may take an adverse inference, he must first establish the elements necessary for such an inference." *United States v. Pac. Chem. Int'l*, 2019 U.S. Dist. LEXIS 171207, at *2 (C.D. Cal. Apr. 25, 2019). *See also id*. at *14 (internal citations omitted) ("O]pening statements is not the appropriate time to address th[e] issue of [adverse inferences].").

### III. Plaintiff's Statement Was Highly Prejudicial for an Opening Statement.

"The opening statement of counsel is ordinarily intended to do no more than to inform the jury in a general way of the nature of the action and defense so that they may better be prepared to understand the evidence." *Bolan v. Love*, 222 F.2d 27, 35-36 (D.C. Cir. 1955). Plaintiff's assertion to the jury in her opening statement that they should draw a conclusion from WMATA's lack of a standard of care expert does exactly the opposite – it made the jury less prepared to understand the evidence, and ultimately, when presented with the proper burden and instructions of law, will cause confusion, unless remedied now.

### IV. The Remedy to this Statement Is an Instruction to the Jury.

> If evidence is improperly placed before the jury, the least a defendant can expect from the trial judge in correcting the error is a firm, definite, and unequivocal instruction to the jury that it is their duty to disregard it, absolutely and completely, and that it is his opinion they can and must do so. … While the above statement had reference to evidence improperly placed before the jury, it applies with equal force to the opening statement of the character made in the instant case.

*Leonard v. United States,* 277 F.2d 834, 842 (9th Cir. 1960). Here, when Plaintiff's counsel has made a statement to the jury regarding the burden that is contrary to all stated law, the jury should be instructed to disregard the statement and on the correct standard. To allow the jury to listen to the remainder of the evidence without being instructed to disregard it would prejudice Defendant unfairly.

**CONCLUSION**

Therefore, for the reasons set forth above, and for those at trial by counsel, Defendant Washington Metropolitan Area Transit Authority respectfully requests that the Court sustain its objection and instruct the jury to disregard Plaintiff's statement, and otherwise instruct the jury not to draw any inference from WMATA's use of experts, and for any other relief this Court deems just and fair.

April 21, 2025                    Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
Lauren Gilman, Esq. (D.C. Bar. No.: 90008050)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com

Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY**

*/s/ Laurie Hand*
Laurie Hand, Esq. (DC Bar No.: 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026

311955352v.1

        Tel.: (202) 962-5063
        Fax: (202) 962-2550
        LAHand@wmata.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this April 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

        */s/ Jason R. Waters*
        Jason R. Waters

311955352v.1