IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL W. SCOTT,<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**<br><br>**Defendant.** | Case No.: 1:22-cv-00601 CRC |

**DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S BRIEF IN SUPPORT OF ITS OBJECTION TO THE ADMISSION INTO EVIDENCE OF PLANTIFF'S EXHIBIT 16, SUMMARY OF MEDICAL EXPENSES**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, files this brief in support of its oral objection to the admission into evidence of Plaintiff's Exhibit 16, Summary of Medical Expenses.

**I.     Background**

Plaintiff Carol Wild Scott alleged that she sustained an injury on September 23, 2019, while aboard a WMATA train. In the parties' Joint Pretrial Statement, Plaintiff designated exhibit 16-- an "Itemization of Medical Bills." Plaintiff also initially identified Exhibit 17 as "Plaintiff's Medical Records." *Id.* Defendant WMATA objected to both Plaintiff's Exhibits 16 and 17 on authentication, lack of foundation, and hearsay grounds pursuant to Federal Rules of Evidence 901, 902, and 802. *Id.* WMATA renewed its objections during the pretrial hearing held on April 15, 2025.

During trial on April 21, 2025, Plaintiff's counsel presented Exhibit 16, the Summary of Medical Expenses, during Plaintiff Scott's direct examination. Plaintiff Scott testified simply that

she recognized the itemization of bills. Plaintiff's counsel then offered Exhibit 16 for admission into evidence, to which WMATA once again objected on the grounds of authentication, lack of foundation, and hearsay.

## II.     Legal Standard

Federal Rule of Evidence 1006(a) states that "[t]he court may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous *admissible* writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence." (emphasis added). "[T]he documents themselves must be admissible; the documents must be made reasonably available for inspection and copying; the summary must be accurate and nonprejudicial; and the witness who prepared the summary should introduce it." *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014) (citing *United States v. Hemphill*, 514 F.3d 1350, 1358 (D.C. Cir. 2008).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901.

Pursuant to Federal Rule of Evidence 802, hearsay is not admissible. The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

## III.    Analysis

Plaintiff's Exhibit 16 Summary of Medical Expenses is inadmissible because the underlying documents are inadmissible hearsay and Plaintiff failed to satisfy the foundational requirements for an exception to hearsay. Plaintiff offered the Summary of Medical Expenses to

prove the truth of matter asserted within her medical bills, which are themselves hearsay. While the medical records and bills are voluminous writings, Federal Rule of Evidence 1006 cannot properly be used to introduce evidence that would otherwise be inadmissible. Therefore, the District of Columbia requires that the proponent of the summary demonstrate that the underlying records are accurate and would be admissible. *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014). Plaintiff has done neither.

The underlying medical records and bills are hearsay statements. To make them admissible, Plaintiff must show that the records are of the type are admissible under an exception to hearsay, such as the business records exception pursuant to Federal Rule of Evidence 803(6). Plaintiff did not present any testimony to establish that the records were kept in the course of a regularly conducted business activity, nor did she provide a records certification. Without these steps, Plaintiff did not lay the foundation necessary to demonstrate the admissibility, under the business records exception, of the underlying records or the summary of those records. *See United States v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009) (citing *United States v. Samaniego*, 187 F.3d 1222, 1224 (10th Cir. 1999); *see also New York Life Ins. Co. v. Taylor*, 147 F.2d 297,300-301 (D D.C. 1944)(holding medical records not admissible under business records exception). Additionally, while not required, Plaintiff was on notice that WMATA objected to both the summary of medical expenses and the underlying medical records on the grounds of authenticity, lack of foundation, and hearsay.

As it stands, it is unclear who created the summary of medical expenses. Plaintiff Scott did not testify that she created the summary. However, in the District of Columbia "the witness who prepared the summary should introduce it." *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014). If Plaintiff did not create the summary, she is unable to testify to the summary's

3

accuracy. Moreover, Defendant's counsel requested that Plaintiff's counsel identify the records they intended to include within Exhibit 17. Ex. A. Instead, Plaintiff's counsel withdrew the medical records exhibit, Exhibit 17, and their inability to separately authenticate the medical expenses render their Summary of Medical Expenses, Exhibit 16, inadmissible.

## CONCLUSION

Therefore, for the reasons set forth above, and for those previously asserted, Defendant WMATA objects to the admission of Plaintiff's exhibit 16, Summary of Medical Expenses, and respectfully requests the Court sustain Defendant WMATA's objection and exclude Plaintiff's exhibit 16 from evidence, and for any other relief this Court deems just and fair.

April 21, 2025                          Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
Lauren Gilman, Esq. (D.C. Bar No.: 90008050)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com

Patricia H. Beall, Esq. (D.C. Bar No.: 992515)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN**

AREA TRANSIT AUTHORITY

*/s/ Laurie Hand*
Laurie Hand, Esq. (DC Bar No.: 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026
Tel.: (202) 962-5063
Fax: (202) 962-2550
LAHand@wmata.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this April 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Jason R. Waters*
Jason R. Waters

5

311955273v.1