## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL WILD SCOTT,** | |
| Plaintiff, | |
| v. | Case No. 22-cv-601 (CRC) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY** | |
| Defendant. | |

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, you have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific claims alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions. You will also be allowed to take your copy of these instructions with you into the jury room to consult during your deliberations if you like.

### GENERAL INSTRUCTIONS

### Instruction No. 1: Function of the Court

My duty at this point is to instruct you as to the law and the legal principles that apply to this case. It is your duty to accept the law as I state it to you, without questioning the wisdom of these instructions. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty as jurors to base a verdict upon any other view of the law than is stated in these instructions. In addition, if any of the lawyers have stated a legal principle differently than I state in my instructions, it is my instructions that you must follow.

You must treat and consider all of these instructions as a whole. You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

### Instruction No. 2: Function of the Jury

As I told you, your function as jurors is to decide the facts, and you, as members of the jury, are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility and believability of the witnesses. You resolve any conflicts that you might have heard in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them. And you determine the weight, effect, and value of the evidence.

In determining the facts, you are reminded that you took an oath to render your verdict impartially and fairly, without prejudice, sympathy, fear, or favor, based solely upon the facts as you determine them from the evidence, and the applicable law as I state it.

### Instruction No. 3: Significance of Party Designations

During the course of the trial, you have heard references to the terms *plaintiff* and *defendant*. To put it as simply as possible, the plaintiff is the person who initiates a lawsuit, and the defendant is the person who is sued by the plaintiff.

During your deliberations, you must not attach any significance to the terms "plaintiff" and "defendant" when weighing the evidence. In other words, the fact that the Plaintiff here has filed a lawsuit against the Defendant does not mean that the Plaintiff is entitled to a favorable verdict or that her evidence is entitled to greater weight than the Defendant's evidence. The Plaintiff may not prevail on any claim against the Defendant, unless she proves every element of that claim by a preponderance of the evidence.

### Instruction No. 4: Jury Not to Take Cues from the Judge

During the course of the trial, I may have asked questions of a witness to obtain information, to bring out facts, or to expedite the trial. You should not interpret my questions to witnesses as any indication of my opinion about how you should determine the facts.

Likewise, if I have said or done anything at any time during this case, including giving these instructions, that seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication. Nothing I have said or done should influence or suggest to you that I favor either party in this case. I have not meant to express, or to suggest, any opinion about which witnesses should be believed or which facts are established.

### Instruction No. 5: Equality of Litigants

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice, or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case. In reaching a just verdict, you must consider and decide this case as an action between persons of equal standing in the community and of equal worth. All persons stand equal before the law and must be treated as equals in this Court.

### Instruction No. 6: Conduct of Counsel

There were times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness. The lawyers have also occasionally asked the Court to make rulings of law and requested conferences at the bench, outside of the hearing of the jury. It is the lawyers' right and duty to make objections or ask for bench conferences if the lawyers believe something improper is being done.

3

You should not be influenced by any lawyer's objections, no matter how I ruled upon them. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what the answer might have been had I allowed the question to be answered. Likewise, when I told you to disregard a particular answer, you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations. If certain testimony or other evidence was received for a limited purpose, then you must follow the applicable limiting instructions I have given. Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.

### Instruction No. 7: Evidence and Inferences

Other than any facts I instruct you to accept as true during these instructions, you may consider only the evidence properly admitted in the trial. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by the parties. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason, common sense, and experience lead you to make. However, you should not engage in speculation or make a decision based simply upon conjecture.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff may ask you to draw one set of inferences, while the Defendant may ask you to draw another set of inferences. It is for you, and you alone, to decide what inferences, if any, you will draw.

**Instruction No. 8: Statements of Counsel**

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are intended only to help you understand and interpret the evidence from each party's perspective. The questions that the lawyers ask are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact unless a witness responded to the question in the affirmative.

**Instruction No. 9: Jury's Recollection Controls**

During this case, the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way the lawyers stated it, then you should disregard their characterization of the evidence and rely on your own memory.

**Instruction No. 10: Direct and Circumstantial Evidence**

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than for direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

### Instruction No. 11: Burden of Proof

The party who makes a claim has the burden of proving it. The burden of proof on all of the Plaintiff's claims in this case is that she must prove every element of her claim by a preponderance of the evidence. WMATA argues in this case that Ms. Scott was contributorily negligent and that she assumed the risk of harm. I will instruct you in a minute about those defenses, but with respect to those two defenses, WMATA bears the burden of proof.

To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the Plaintiff's side of an issue is more convincing to you and causes you to believe that the probability of truth favors the Plaintiff on that issue, then the Plaintiff will have succeeded in carrying the burden of proof on that issue.

If, on the other hand, you believe that the evidence is evenly balanced on an issue the Plaintiff had to prove, then the Plaintiff will not have carried the burden of proof and your finding on that issue must be for the Defendant. The same is true as to any issue as to which the Defendant has the burden of proof.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt, as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or

documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

### Instruction No. 12: Evidence Produced by Adversary

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all favorable evidence whether or not he or she produced it.

### Instruction No. 13: Credibility of Witnesses

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of those witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the evidence between a witness's testimony and other evidence, it is your duty to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and

accurate. You may consider whether the witness's testimony has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as you believe it is fairly entitled to receive.

### Instruction No. 14: Medical Illustrations as Instructional Aids

The lawyers have shown you medical illustrations to help explain the facts. The medical illustrations themselves, however, are not evidence or proof of any facts. If any medical illustration does not correctly reflect facts shown by the evidence in the case, then you should disregard that illustration.

In other words, the medical illustrations are used only as a convenience; you should disregard any illustration that does not state the truth based on the evidence.

### Instruction No. 15: Number of Witnesses

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

The law does not require either party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.

### Instruction No. 16: Impeachment by Prior Inconsistent Statements

The testimony of a witness may be discredited or impeached by showing that he or she had previously made statements that are inconsistent with his or her present courtroom testimony. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony at trial.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony in court.

If the witness made the prior inconsistent statement under oath subject to the penalty of perjury or at a deposition, then you may also treat that prior statement as evidence in this case— that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness was not under oath subject to the penalty of perjury or at a deposition when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement. You may consider the statement only to evaluate the witness's credibility—that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it to be fairly entitled to receive.

## Instruction No. 17: Adopting Prior Inconsistent Statements

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that statement.

## Instruction No. 18: Specialized Opinion Testimony

You heard from Dr. Berkowitz, Dr. Bishop, Dr. Rao, and Dr. Harris who were deemed qualified to provide opinions concerning their respective areas of professional expertise. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept these witnesses' opinions. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider opinion evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

## Instruction 19: Stipulations

The parties may stipulate—that is, agree—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

## Instruction 20: Depositions as Evidence

A deposition is the testimony of a person taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter

is present and records the questions and answers. During the trial, you heard deposition testimony that was presented by videotape. You should give deposition testimony the same fair and impartial consideration you give any other testimony. You should not give more weight or less weight to deposition testimony just because the witness did not testify in court.

### SPECIFIC JURY INSTRUCTIONS FOR THIS CASE

### NEGLIGENCE

### Instruction No. 21: Plaintiff's Allegations

Plaintiff Carol Wild Scott brings this civil lawsuit against the Washington Metropolitan Area Transit Authority, which I will refer to as WMATA. Ms. Scott alleges that on September 23, 2019, a WMATA train operator acted negligently when she repositioned the train without warning after stopping at the McPherson Square metro stop. Ms. Scott further alleges that she was injured because the train suddenly moved. WMATA denies that the train operator acted negligently and contends that Ms. Scott's own negligence contributed to any injury she suffered and that she assumed the risk of being harmed.

I will now instruct you more fully on the legal standards that apply to Ms. Scott's claims.

### Instruction No. 22: Negligence

Ms. Scott alleges that WMATA was negligent and is liable for harm she suffered. A negligence claim has three elements: (1) the Defendant did not use ordinary care; (2) the Defendant's failure to use ordinary care caused Plaintiff's harm; and (3) the Plaintiff is entitled to damages as compensation for that harm. Ms. Scott must prove each element by a preponderance of the evidence—that is, she must prove that each element is more likely so than not so.

### Instruction No. 23: Negligence Defined

A person is negligent if he or she does something that a person using ordinary care would not do, or fails to do something that a person using ordinary care would do. A person uses ordinary care when he or she uses the same level of skill, caution, and attention that a reasonable person would use in similar circumstances.

### Instruction No. 24: Cause Defined

With respect to the second element of negligence—causation—Ms. Scott must prove that it is more likely than not that WMATA's act or failure to act caused her harm.

An act, or a failure to act, causes harm if it played a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the act or failure to act.

### Instruction No. 25: Multiple Causes

There may be more than one cause of harm. Several factors or circumstances, or the acts or omissions of two or more persons, may cause the same harm. Each of the acts or omissions that played a substantial part in the harm is a cause. This is true even if one of the acts or omissions contributed more than another to causing the harm, so long as each act or omission played a substantial part in the harm.

A defendant whose negligent act or omission caused harm is responsible for the harm if an act or omission by another person who is not a defendant in this case was another cause of the harm, even if the act or omission of that person was greater than the act or omission of WMATA.

### Instruction No. 26: Fact of Accident Alone

The mere fact that an accident happened does not mean that any party to this case was negligent. The law presumes that each party used reasonable care unless and until one party proves otherwise. The burden of proof is on the party alleging negligence to overcome this presumption of reasonable care. To carry this burden, the party alleging negligence must prove that it is more likely than not that the negligence caused the accident.

### Instruction No. 27: Assessment of the Circumstances

A reasonable person changes his or her conduct according to the circumstances. If the risk or danger is greater, a reasonable person acts more carefully.

A person must use ordinary care to avoid an accident. The law does not try to regulate in detail what a person should do or observe for his or her own safety. The law does require, however, that a person pay reasonable attention. One who looks and does not see what is plainly there to be seen is as negligent as one who never looked at all.

A person may not ignore a known risk or obvious danger. A person should change his or her conduct according to a known or obvious risk or danger even if the risk or danger is created by another's physical condition or misconduct.

### Instruction No. 28: National Standard of Care

When an expert witness is required, the expert must clearly articulate and reference a standard of care by which the defendant's actions can be measured. Especially in cases involving safety standards, the expert must also show that the particular practice at issue reflects a *national* standard of care. An expert's personal opinions or unsupported assertions as to the national standard of care are insufficient. Although internal agency manuals such as WMATA's standard operating procedures may provide evidence bearing on the standard of care, they do not, on their own, establish the national standard. Rather, the expert must show that the practices to

which the agency has committed reflect the national standard of care and not a higher, more demanding one.

### Instruction No. 29: Contributory Negligence

WMATA alleges that Ms. Scott was negligent. WMATA is not liable for Ms. Scott's harms if Ms. Scott's own negligence is a cause of her harms. The same rules you use to decide whether WMATA was negligent apply when you decide whether Ms. Scott was negligent. To establish the defense of contributory negligence, WMATA must prove that it is more likely than not both that (1) Ms. Scott was negligent, and (2) Ms. Scott's negligence was a cause of her own harm. If WMATA proves these two elements, then your verdict must be for WMATA.

### Instruction 30: No Comparative Negligence

If you find that more than one party to this action was negligent, you must not weigh one person's negligence against another's. You must not compare their negligent conduct to decide which is more or less at fault.

### Instruction No. 31: Assumption of Risk

WMATA also contends that Ms. Scott assumed the risk of harm by standing up before the train doors opened and not holding on to a pole or handrail. If you find that Ms. Scott assumed the risk, she is not entitled to damages to compensate for harms caused by the risk that she assumed. You may find that Ms. Scott assumed the risk of harm if WMATA proves by a preponderance of the evidence both of the following:

1. Ms. Scott actually knew and understood the full scope and magnitude of the danger arising from WMATA's conduct, and

2. Ms. Scott voluntarily exposed herself to that danger.

The defense of assumption of risk does not apply if you find that Ms. Scott had the duty or the legal right to expose herself to any of the dangers arising from WMATA's conduct. Also, the assumption of the risk defense does not apply if you find that WMATA's conduct forced Ms. Scott into a position which left her no reasonable choice other than to do what she did.

### Instruction No. 32: Right to Assume Proper Conduct by Others

A person ordinarily has the right to assume that other people will exercise ordinary care. A person also ordinarily has the right to assume that other people have normal abilities, intelligence, sight, and hearing.

A person does not have the right to assume that another person will exercise ordinary care if the person observes, or should reasonably have observed, that the other person either lacks one or more of the normal senses, or is not going to act reasonably.

### Instruction 33: Special Susceptibility

WMATA is responsible for Ms. Scott's injury even if a prior injury, disability, or other condition made Ms. Scott more likely than a normal person to suffer injury because of WMATA's negligence. WMATA may not avoid responsibility for its negligent actions by showing that the injury would have been less serious if it had happened to someone else.

### Instruction 34: Life Expectancy

According to the official life tables published by the United States Department of Health and Human Services, which the court took judicial notice of, the statistical life expectancy of a woman aged 84 years is 7.1 years. This statistical life expectancy, however, does not by itself conclusively prove Ms. Scott's actual life expectancy. To determine Ms. Scott's actual life expectancy, you should consider this statistical life expectancy estimate along with any other evidence relating to Ms. Scott's health, habits, and activity.

**VICARIOUS LIABILITY**

### Instruction 35: Agency or Scope of Employment Conceded

In this case, WMATA admits that Dominic Johnson's acts or failures to act were committed in furtherance of the business of her employer, WMATA. Therefore, WMATA is responsible for any of Ms. Johnson's negligent acts or failures to act.

### Instruction 36: Corporate Party's Representatives

During the course of trial you have heard the deposition testimony of two witnesses who were designated as WMATA corporate representatives. The testimony of these witnesses is binding on WMATA. You should not give greater or lesser weight to the testimony of a corporate representative.

**COMMON CARRIER CASES**

### Instruction 37: Common Carrier—Degree of Care

WMATA offers public transportation of passengers, and therefore is what's called a "common carrier." As a common carrier, WMATA must use ordinary care in carrying its passengers. To use ordinary care means to act as a reasonable person would under the circumstances.

For example, a bus driver or train operator must exercise all the care and caution which a bus driver or train operator of reasonable skill, foresight, and prudence could be fairly expected to exercise under the circumstances. What is reasonable under the circumstances depends upon

the dangerousness of the situation or activity involved. The greater the danger, the greater care the driver must exercise.

However, the law does not require a common carrier like WMATA to guarantee the safety of its passengers. To hold the Defendant liable for the Plaintiff's injuries, you must first find that the Defendant was negligent.

### DAMAGES

### Instruction 38: Damages—Elements

If you find that WMATA's negligence caused Ms. Scott to suffer injury—and that Ms. Scott was not contributorily negligent and she did not assume the risk of harm—then you must consider whether she is entitled to any damages. You may award damages for any of the following harms that you find WMATA's negligent conduct caused: (1) the extent and duration of any physical injuries sustained by Ms. Scott; (2) the effects that any physical injuries have on Ms. Scott's overall physical and emotional well-being; (3) any physical pain and emotional distress that Ms. Scott has suffered in the past or may suffer in the future; (4) any disfigurement or deformity suffered by Ms. Scott, as well as any humiliation or embarrassment associated with the disfigurement or deformity; (5) any inconvenience Ms. Scott has experienced in the past or may experience in the future; and (6) any medical expenses incurred by Ms. Scott in the past.

You may not award punitive damages—that is, damages designed to punish or deter future negligence by WMATA. You should not adjust the amount of damages you award, if any, based on whether or not those damages are subject to taxation.

### Instruction 39: Extent of Damages—Cause

Ms. Scott is entitled to compensation for any harm that WMATA's negligent conduct caused. Conduct causes harm if it plays a substantial part in bringing about the harm. In

addition, the harm must be either a direct result or a reasonably probable consequence of the conduct. WMATA is liable to pay damages only for the harm that its conduct caused. If you find that its conduct caused only part of Ms. Scott's harm, then you should award compensation only for that part.

### Instruction 40: Burden of Proof—Speculative Damages

Ms. Scott must prove that it is more likely than not that she is entitled to damages. The evidence must establish the amount of Ms. Scott's damages with reasonable certainty. You may award Ms. Scott only those damages that are based on a just and reasonable estimate based on relevant evidence. Reasonable certainty does not require exact or mathematically precise proof of damages, or that future damages are absolutely certain to occur. You may award damages for future harm so long as Ms. Scott shows that injuries will probably continue. However, you may not award damages that are speculative, based on guesswork, or dependent upon merely remote possibilities not reasonably certain to occur.

#### THE ATTORNEYS WILL NOW GIVE CLOSING ARGUMENTS.

\*        \*        \*

#### CONCLUDING INSTRUCTIONS

### Instruction No. 41: Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who

will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Instruction No. 42: Communication and Research

As you retire to the jury room to deliberate, I want to remind you of an instruction I have repeated throughout the trial. During deliberations, you may not communicate with anyone not on the jury about the case. This includes any electronic communication such as email, text, blogging, or social media. In addition, you may not conduct any independent investigation during your deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## Instruction No. 43: Notetaking and Use of Notes

During the trial, I permitted those jurors who wanted to take notes to do so. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory, and they should not replace your memory. Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another juror's notes if the notes do not coincide with their own memory. The notes are intended to be for the notetaker's own personal use. Do not take your notes home with you. At the end of your deliberations, the Courtroom Deputy will collect your notes and will destroy them immediately after the trial. No one, including myself, will ever look at your notes.

## Instruction No. 44: Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note via our courtroom deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note,

and I will never communicate with any member of the jury on any matter concerning the merits of the case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not to the deputy, the clerk, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 4–4 or 7–1 or in any other fashion—or whether the vote favors the Plaintiff, the Defendant, or is on any other issue in the case.

### Instruction No. 45: Jurors' Duty to Deliberate

It is your duty as jurors to consult with one another and to deliberate and to expect to reach an agreement. You must decide the case for yourself, but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

### Instruction No. 46: Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and

discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### Instruction No. 47: Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

### Instruction No. 48: Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were marked only for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### Instruction No. 49: Furnishing the Jury With a Copy of the Instructions

I will provide you with several copies of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you must consider the instructions as a whole. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### Instruction No. 50: Delivering the Verdict

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you.  You may now retire to begin your deliberations.


CHRISTOPHER R. COOPER
United States District Judge

Date:  April 23, 2025