**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAROL WILD SCOTT,** | : |
| **Plaintiff,** | : |
| v. | : Case No. 22-cv-00601 (CRC) |
| **WMATA,** | : |
| **Defendant.** | : |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S OBJECTIONS TO BILL OF COSTS**

**I.  Transcripts**

*A.  Costs for Transcripts of Berkowitz and Scott Depositions*

Defendant objects to taxation of "[d]eposition transcripts for depositions Plaintiff did not notice and did not use on the record at trial (Berkowitz $867.65, BoC, Ex. 2 at 2 and Scott $272.50, BoC, Ex. 2 at 8)."  LCvR 54(d)(6) is not so limited; it provides for taxation of:

> Costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial

LCvR 54(d)(6).  So the question becomes:  Were the depositions of Dr. Berkowitz or Carol Scott used "on the record, at a hearing of trial"?  They were.  Defense counsel cross-examined both witnesses with their deposition transcripts at trial.  Dr. Berkowitz's deposition transcript was used on the record at great length in the context of the Court's hearing on Defendant's motion *in limine* to exclude him.

Also useful is a review of the relevant statute, 28 U.S.C. § 1920. It provides for taxation as costs of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(d). At risk of stating the obvious, our local rule does not supplant the governing statute; it merely seeks to clarify it. Per the statute, the question would be: Were the depositions of Dr. Berkowitz or Carol Scott "necessarily obtained for use in the case"? Could Plaintiff have come to trial without copies of the transcripts of her own deposition and that of her liability expert?

These costs are plainly taxable. Defendant's objection should be overruled.

### B.   Costs for Videorecording of Rao and Emondi Depositions

Defendant objects to taxation of "Videography services ($504, BoC, Ex. 2 at 3 and $654.00, BoC, Ex. 2 at 5)" and "Videoconferencing services ($295.00, BoC, Ex. 2 at 6)." These were necessary, unavoidable costs of presenting the *de bene esse* testimony of two extra-jurisdictional witnesses: (1) Rajkumar Rao, M.D. (treating orthopedic surgeon; lives in Delaware) and (2) Al Emondi (eyewitness; lives in South Carolina). Defendant does not dispute that these *de bene esse* depositions were necessary for use in the case.

Other district courts have held such costs to be properly taxable. For example:

> Defendant does not dispute that the remote depositions, or the videographer costs associated with videorecording those depositions, were necessary for use in the case. The videorecorded depositions for which costs are sought were indeed played for the Jury during the trial. Accordingly, Plaintiffs may recover the transcription and videography costs associated with the seven depositions for which costs are sought.

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

- 2 -

*Camps v. Bravo*, No. 1:20-CV-24294, 2023 WL 11959806, at *5 (S.D. Fla. Sept. 15, 2023).

### C.  Costs for Expedited Transcripts

Defendant objects to taxation of "'Expedited,' rather than standard rate, transcripts (Rao $751.50 BoC, Ex. 2 at 7 and Emondi $499.55, BoC, Ex. 2 at 4)."  Plaintiff acknowledges that our local rule provides for transcript costs "at the reporter's standard rate."

The reporter's expedited cost was $8.20 per page (for Rao: $639.60 / 78 pages = $8.20 per page).  The invoice for the Berkowitz transcript (ECF No. 65-2 at 2) reflects the same reporter's (Planet Depos) standard rates of $3.95 per page ($770.25 / 195 pages = $3.95 per page).  Reducing the reporter's rates from expedited to standard for each of the Rao and Emondi depositions results in the following costs:

|  | Expedited | Reduced to Standard |
|---|---|---|
| Rao | $ 751.50 | $ 132.50 |
| Emondi | $ 499.50 | $ 420.00 |
| **Total** | **$ 1,251.05** | **$ 552.50** |

Accordingly, Plaintiff amends line three of her Bill of Costs (ECF No. 65) from $4,469.10 to **$3,770.55.**

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

- 3 -

## II. Demonstrative Aids

Defendant objects to Plaintiff's inclusion in her bill of costs of $462.18 in costs for the printing of three medical illustration foam boards (Plaintiff's trial exhibits 5, 6, and 7) that were admitted for use at trial as illustrative aids pursuant to FED. R. EVID. 107. Enlargement of medical illustrations has been accepted as a properly taxable cost under FED. R. CIV. P. 54, 28 U.S.C. § 1920(4), and local rules similar to ours:

> Next, Thompson seeks $1,862.15 in printing costs. TRW first objects to $299.25 Thompson incurred for photographic enlargements, arguing that, while the enlargements in question were either 32 x 48 or 42 x 60 inches in size, Local Rule 54–7 does not permit her to recover costs for enlargements over 8x10 inches in size. **TRW also objects to Thompson's request for $1,500 for high-impact demonstrative image copies, apparently because these charges also violate Local Rule 54–7.** Thompson does not dispute TRW's characterization of these items. Instead she argues that they were not designed to be admitted into evidence but **"were for medical illustrations utilizing Plaintiffs medical imaging, in order to demonstrate her injuries,"** and are awardable under 28 U.S.C. §§ 1920(2) and (4).
>
> But 28 U.S.C. § 1920(2) offers Thompson no safe harbor. This statute permits recovery only for "printed or electronically recorded transcripts necessarily obtained in the case." Closer is 28 U.S.C. § 1920(4), which allows "fees for exemplification and the costs of making copies of any materials where the copies arc necessarily obtained for use in the case." This statute is broader than Local Rule 54–7, which deems the cost of photographs measuring 8 x 10 or smaller "taxable if admitted into evidence or attached to documents required to be filed and served on opposing counsel." Rule 54–7 only permits taxation of larger photographs "by prior order of the court."
>
> Other courts have found enlargements taxable under 28 U.S.C. § 1920(4) when they were enlargements of exhibits. Other courts interpreting § 1920(4) in the context of similarly worded local rules have allowed the costs where they "aided

Regan Zambri Long
1919 M Street, NW
Suite 600
Washington, DC 20036

202-463-3030

> the efficient and effective presentation of complex evidence and were extremely helpful to the Court." **I find that these demonstrative aids were helpful in displaying Thompson's injuries to the jury, and I allow the full $1,862.15 as requested.** TRW's objection in this regard is overruled.

*Thompson v. TRW Auto., Inc.*, No. 2:09-CV-1375-JAD-PAL, 2015 WL 5474448, at *14-15 (D. Nev. Sept. 17, 2015), *aff'd sub nom. Thompson v. TRW Auto. U.S. LLC*, 694 F. App'x 566 (9th Cir. 2017); *see also In re Omeprazole Pat. Litig.*, No. 00 CIV. 4541 BSJ, 2012 WL 5427791, at *7 (S.D.N.Y. Nov. 7, 2012) ("The Court concludes, as at least one other court in this District has, that 28 U.S.C. § 1920(4) provides for taxation of costs related to trial demonstratives."); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000) (adopting "expansive" view of "exemplification" that includes "wide variety of exhibits and demonstrative aids").

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: /s/ *Christopher J. Regan*
    Patrick M. Regan          #336107
    pregan@reganfirm.com
    Christopher J. Regan     #1018148
    cregan@reganfirm.com
    1919 M Street, N.W., Suite 600
    Washington, D.C. 20036
    PH: (202) 463-3030
    FX: (202) 463-0667
    *Counsel for Plaintiff*