UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROL W. SCOTT**, <br><br>  Plaintiff, <br><br> v. <br><br> **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, <br><br>  Defendant. | Case No. 22-cv-601 (CRC) |

## OPINION AND ORDER

On April 23, 2025, following a jury trial, the Court entered judgment in favor of Plaintiff Carol Wild Scott against Defendant Washington Metropolitan Area Transit Authority ("WMATA"). Judgment, ECF No. 64. Before the Court is Scott's Bill of Costs, ECF No. 65, which WMATA opposes, ECF No. 69.

Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1 provide the standards governing bills of costs. The general rule is that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The bill of costs "shall specifically itemize with supporting documentation the particular costs sought under the specific categories set forth in paragraph (d) of" the local rules. LCvR 54.1(a).

Scott seeks a total of $5,373.28 composed of fees for deposition transcripts, videotapes of depositions, and illustrative medical-related exhibits.

"Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs. Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013). Nonetheless, Rule 54(d)(1)'s use of "the word 'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court. Accordingly, the losing party bears the burden of

showing circumstances sufficient to overcome the presumption favoring the prevailing party." Harrell v. PNC Fin. Servs. Grp., Inc., No. 18-cv-02472 (DLF), 2022 WL 19296991, at *2 (D.D.C. May 10, 2022) (cleaned up) (citations omitted).

WMATA raises three major objections. First, it objects to the taxing of "[d]eposition transcripts for depositions Plaintiff did not notice and did not use on the record at trial"—specifically, Ms. Scott's own deposition and that of her expert, Dr. Carl Berkowitz. Opp'n at 2.

The Court will allow the costs of Dr. Berkowitz's and Ms. Scott's depositions to be taxed. Local Rule 54.1(d)(6) provides that the Clerk shall tax "[c]osts, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other party, if the deposition was used on the record, at a hearing or trial." LCvR 54.1(d)(6); see 28 U.S.C. § 1920(2) (permitting recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."). Contrary to WMATA's objection, both Dr. Berkowitz and Ms. Scott's depositions were used at trial. Though they were not read into the record, both depositions were used to cross-examine the respective witnesses. See, e.g., Day 2 Trial Tr. at 253:23–25 (cross-examination of Ms. Scott); id. at 352:3–17 (cross-examination of Dr. Berkowitz). The Court also relied on Dr. Berkowitz's deposition to rule on WMATA's motion in limine to exclude him. See Opinion and Order, ECF No. 52, at 5.

Next, WMATA objects to the taxation of videography and videoconferencing costs—specifically, the costs of Dr. Rajkumar Rao's and Al Emondi's video depositions. Opp'n at 2. The D.C. Circuit, however, has held that "the cost of taking video depositions may be awarded if shown to be necessary for use in the case." Harrell, 2022 WL 19296991, at *2 (citing United States v. Halliburton Co., 954 F.3d 307, 313 (D.C. Cir. 2020)). Excerpts from Dr. Rao's and Mr.

2

Emondi's depositions were shown on the record at trial, so their costs were "necessary for use in the case." Id. Accordingly, the Court will permit the taxation of these costs.

Lastly, WMATA objects to the cost of three medical illustrations that Ms. Scott displayed on foam boards as demonstrative aids. Opp'n at 2. The Court agrees that these costs are not taxable.

The relevant statute permits the taxation of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). And Local Rule 54.1(d)(8) directs the taxation of "costs of copying those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk." Courts in this district have relied on the principle that "costs of demonstrative materials which were merely illustrative of expert testimony, other adequate evidence, or argumentative matter are not taxable" because these aids are not "necessarily obtained for use in the case." Guevara v. Onyewu, 943 F. Supp. 2d 192, 197 (D.D.C. 2013); cf. Berke v. Fed. Bureau of Prisons, 942 F. Supp. 2d 71, 81 (D.D.C. 2013) (declining to award costs for a demonstrative video). Thus, demonstrative medical images that "were merely illustrative of testimony or argumentative" have not been found taxable. Guevara, 943 F. Supp. 2d at 197. Here too, the medical images—used only for illustrative purposes—were not necessarily obtained for use in the case and are not taxable.[1]

---

[1] WMATA also objected to Ms. Scott's attempt to seek taxation of transcripts at an expedited, rather than standard, rate. Opp'n at 2. In response, Ms. Scott acknowledges that she should only have sought costs for transcripts at the standard rate and reduced her request accordingly. Pl.'s Response, ECF No. 70, at 3.

For the foregoing reasons, it is hereby

**ORDERED** that [65] Plaintiff's Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the Court will allow costs in the amount of **$4,212.55**. It is further

**ORDERED** that Plaintiff shall file a revised Bill of Costs on or before June 10, 2025. Upon docketing of that Bill, the Clerk of Court is directed to tax costs.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 3, 2025