```
                    IN THE UNITED STATES DISTRICT COURT         EXHIBIT
                       FOR THE DISTRICT OF COLUMBIA                J

 - - - - - - - - - - - - - - - - x
 CAROL WILD SCOTT,
                                          CA No:  1:22-cv-00601-CRC
           Plaintiff,
                                          Washington, D.C.
                                          Monday, April 21, 2025
 v.                                       9:41 a.m.

 WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY,

           Defendant.
 - - - - - - - - - - - - - - - - x
```

---

TRANSCRIPT OF JURY TRIAL
HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
UNITED STATES DISTRICT JUDGE

---

APPEARANCES:

For the Plaintiff:   **PATRICK MICHAEL REGAN, ESQ.**
                     **CHRISTOPHER REGAN, ESQ.**
                     **REGAN ZAMBRI & LONG, PLLC**
                     1919 M Street, NW, Suite 350
                     Washington, DC 20036
                     (202) 463-3030
                     pregan@reganfirm.com
                     cregan@reganfirm.com


For the Defendant:   **JASON R. WATERS, ESQ.**
                     **LAUREN GILMAN, ESQ.**
                     **WILSON ELSER**
                     8444 Westpark Drive, Suite 510
                     McLean, VA 22102
                     (703) 245-9300
                     jason.waters@wilsonelser.com
                     lauren.gilman@wilsonelser.com

Court Reporter:           Lisa A. Moreira, RDR, CRR
                          Official Court Reporter
                          U.S. Courthouse, Room 6718
                          333 Constitution Avenue, NW
                          Washington, DC  20001
                          (202) 354-3187

I N D E X

WITNESS                                                              PAGE

**STACY SWAIN**
    (By Mr. P. Regan)..................................158
    (By Mr. Waters)....................................164

**CAROL WILD SCOTT**
    (By Mr. P. Regan)..................................177

1  we missed one year.
2  Q.  Okay.
3          MR. P. REGAN:  Your Honor, I only have one more
4  question or area.  I'd like to approach the witness with
5  Plaintiff's Exhibit No. 16 in the notebook.  It's the
6  itemization of medical expenses.
7          THE COURT:  Okay.  You can approach.
8          MR. P. REGAN:  Okay.
9  Q.  Ms. Scott, looking at Plaintiff's Exhibit No. 16 in the
10 exhibit notebook, would you tell us what that is, please.
11 A.  These are the medical bills, transport, Manassas --
12 Q.  Are these the medical expenses --
13 A.  -- and my family doctor, and it's just -- I was appalled
14 when I saw this, when I started getting those bills.
15 Q.  All right.  And what is the total on the medical bills?
16         MR. WATERS:  Objection, Your Honor.
17         THE COURT:  Overruled.
18 Q.  Ms. Scott, what is the total on Plaintiff's Exhibit No.
19 16?
20 A.  $229,541.63.
21         MR. P. REGAN:  Okay.  Your Honor, I have no
22 further questions.  Thank you.
23         I would move in Plaintiff's Exhibit No. 16.
24         MR. WATERS:  Objection, Your Honor.
25         THE COURT:  Okay.  We'll reserve on your

1   objection.  Okay?
2           Go to the phones real quick.
3           (The following is a bench conference
4            held outside the hearing of the jury)
5           THE COURT:  Mr. Waters, it's 4:20.  You have
6   longer than ten minutes, I assume.
7           MR. WATERS:  Yes, that's correct.
8           THE COURT:  So we'll break for the day, and you'll
9   start first thing in the morning.
10          MR. WATERS:  Sounds good.  Thank you.
11          (This is the end of the bench conference)
12          THE COURT:  All right.  Ladies and gentlemen,
13  we're going to break for the day.  Have a great evening.
14  Thank you for your patience and your attention.
15          Again, please don't discuss the case with anyone
16  overnight or do any independent research on the case.  Be
17  back ready to go at 9:00 in the jury room tomorrow.
18          Ms. Jenkins, do we have breakfast for the jurors
19  tomorrow morning?
20          THE COURTROOM DEPUTY:  Yes, Your Honor.
21          THE COURT:  Okay.  We'll have breakfast -- what
22  time does it arrive approximately?
23          THE COURTROOM DEPUTY:  8:30.
24          THE COURT:  So breakfast will be in the jury room
25  at 8:30, if you folks want to come in a little bit early.

1   My staff usually gets in around 8:00 to 8:30 so just buzz
2   in, and someone will let you in.  If no one responds
3   promptly, buzz again and someone will eventually let you in
4   for breakfast in the morning.
5              Have a great night, and we'll see you in the
6   morning.  And you can leave your notebooks on the chair.
7              (Jury exits courtroom)
8              THE WITNESS:  Nobody approaches the bench anymore.
9              THE COURT:  That's right.  We have these phones
10  for that purpose.
11             You can step down, ma'am, and please, be careful.
12             Why don't you help her, Mr. Regan.  I don't want
13  another lawsuit.
14             All right.  So she was shown the chart just to
15  confirm that these were, in fact, the figures that totaled
16  up to the $229,000.  She testified that she had seen the
17  summary and was familiar with it.  I think there's a
18  foundation for her to say that that number was accurate.
19             The question is, does it come in as a summary to
20  prove content under Rule 1006?
21             MR. P. REGAN:  Correct, Your Honor.
22             THE COURT:  Which I assume is the basis for the
23  admission.  Is there an objection to that?
24             MR. WATERS:  Yes, Your Honor.
25             THE COURT:  And when you lodge your objection,

```
 1    instead of just "Objection," give me a basis.  You know, not
 2    a speaking objection, but "Relevance," "Rule 1006."
 3              MR. WATERS:  Glad to, Your Honor.  I didn't know
 4    if you had a preference with regard to that.
 5              I think that the objection that we had, one is
 6    there's a foundational problem with regard to whether the
 7    medical bills were reasonably medically necessary and
 8    causally related, which needs to be established by a medical
 9    expert.
10              I think the other issue, too, is there is an
11    authentication issue.  Plaintiffs had identified their,
12    quote, medical records as Exhibit 17, but then withdrew
13    Exhibit 17, so the only thing they're offering in right now
14    is the medical summary without any of the bills to support
15    it either being identified as an exhibit or having been
16    testified to by a medical expert.
17              MR. P. REGAN:  Judge, they're actually -- the
18    presumption is that they're fair and reasonable.  We don't
19    need to prove that any longer.
20              And also the bills -- we can put the bills in,
21    Your Honor, but they have all kind of collateral source
22    information on it.  They'd have to be redacted to the point
23    where -- that's why we do the summary.
24              THE COURT:  Right.  Well, usually the summaries
25    are prepared by the person who reviews the underlying
```

```
 1   voluminous documents to say "Did you go through each one of
 2   these bills?  Do you understand these to be Ms. Scott's
 3   medical bills?  And did you prepare the document?  And is
 4   this an accurate representation of each of the bills tallied
 5   up?"  And it comes in through the person that actually
 6   prepared the summary.
 7            Here you're seeking to admit it through Ms. Scott,
 8   and I'm not sure you laid a foundation that she prepared it
 9   or that she was familiar with each of the bills that went
10   into it.
11            MR. WATERS:  There's also the issue with regard to
12   medical record certification that has not been done here
13   under I think it's 803, Your Honor.
14            THE COURT:  So I guess the questions are, you
15   know, is there a foundation for the introduction of this
16   exhibit other than her testimony that she understands that
17   her bills were in this amount and, if so, whether it's
18   admitted and goes to the jury or not.  So those are two
19   separate questions.
20            Do you want to file something on that?
21            MR. WATERS:  I'm sorry?
22            THE COURT:  Do you want to file something on that?
23            MR. WATERS:  We'd be glad to, Your Honor.
24            MR. P. REGAN:  Judge, I would notice that the
25   second sentence --
```

1       THE COURT: And I'm sorry, before we get there, is
2    there anyone else who is prepared to testify to her bills?
3       MR. P. REGAN: No. Judge, these are all -- the
4    bills were all produced, and the second sentence says, "The
5    proponent must make the originals or duplicates available."
6    We have. They've come in during discovery. They've never
7    challenged the accuracy.
8       THE COURT: Which Rule?
9       MR. P. REGAN: 100 --
10      THE COURT: 1006.
11      MR. P. REGAN: 1006. That's the second sentence
12   that I'm reading. And we produced every single bill. It's
13   a completely -- there's no challenge to accuracy.
14      MR. WATERS: Your Honor, may I?
15      THE COURT: Why don't you file something, okay?
16   And we'll deal with this in the morning.
17      MR. WATERS: Okay.
18      THE COURT: And since there's no time for back-
19   and-forth filings, Mr. Regan, you know the issue. If you
20   want to file something before we convene in the morning,
21   we'll just do it simultaneously, and then we'll resolve it
22   in the morning.
23      MR. WATERS: Very well.
24      THE COURT: All right. Anything else?
25      MR. P. REGAN: Nothing for plaintiff.

```
 1                  IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA
 2
     - - - - - - - - - - - - - - - -x
 3   CAROL WILD SCOTT,
                                             CA No:  1:22-cv-00601-CRC
 4              Plaintiff,
                                             Washington, D.C.
 5                                           Tuesday, April 22, 2025
     v.                                      9:10 a.m.
 6
     WASHINGTON METROPOLITAN AREA
 7   TRANSIT AUTHORITY,

 8              Defendant.
     - - - - - - - - - - - - - - - -x
 9
     _____
10
                         TRANSCRIPT OF JURY TRIAL
11       HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                      UNITED STATES DISTRICT JUDGE
12   _____
     APPEARANCES:
13   For the Plaintiff:        **PATRICK MICHAEL REGAN, ESQ.**
                               **CHRISTOPHER REGAN, ESQ.**
14                             **REGAN ZAMBRI & LONG, PLLC**
                               1919 M Street, NW, Suite 350
15                             Washington, DC 20036
                               (202) 463-3030
16                             pregan@reganfirm.com
                               cregan@reganfirm.com
17

18   For the Defendant:        **JASON R. WATERS, ESQ.**
                               **LAUREN GILMAN, ESQ.**
19                             **WILSON ELSER**
                               8444 Westpark Drive, Suite 510
20                             McLean, VA 22102
                               (703) 245-9300
21                             jason.waters@wilsonelser.com
                               lauren.gilman@wilsonelser.com
22
     Court Reporter:           Lisa A. Moreira, RDR, CRR
23                             Official Court Reporter
                               U.S. Courthouse, Room 6718
24                             333 Constitution Avenue, NW
                               Washington, DC  20001
25                             (202) 354-3187
```

I N D E X

WITNESS                                                              PAGE

**CAROL WILD SCOTT, Resumed**
    (By Mr. P. Regan)....................................246
    (By Mr. Waters).....................................250

**ANDREW BISHOP, M.D.**
    (By Mr. P. Regan)....................................275
    (By Mr. Waters).....................................286

**CARL M. BERKOWITZ, Ph.D.**
    (By Mr. P. Regan)....................................315
    (By Mr. Waters).....................................347
    (By Mr. P. Regan)....................................359
    (By Mr. Waters).....................................362

**RAJKUMA RAO, M.D. (by video)**

**CLEV BERNARD IBANEZ BENNETT (by video)**

**ALFRED EMONDI (by video)**

**DOMINIC JOHNSON**
    (By Mr. Waters).....................................389
    (By Mr. C. Regan)...................................397

1   put her on.
2           THE COURT: I think the solution and actually not
3   doing it through the summary sort of solves the authenticity
4   or the admissibility issue. I mean, I don't think there's a
5   dispute, really, about authenticity at the end of the day,
6   but I think Mr. Waters is probably technically right.
7   There's no stipulation. There's no custodian. There's
8   nothing to authenticate the bills.
9           So I just want to have a good record here.
10          MR. P. REGAN: Thank you.
11          THE COURT: Okay.
12          MR. P. REGAN: Can we bring her in?
13          THE COURT: So doing it through just testimony and
14  refreshing, if necessary, that gets the number in.
15          MR. P. REGAN: Okay.
16          THE COURT: Which I think is the right result
17  because I don't think there's any dispute, right?
18          MR. P. REGAN: Okay.
19          THE COURT: Okay.
20          Yes, bring her back. Yes, let's bring her back.
21  Just wait until she gets back.
22          MR. P. REGAN: Your Honor, would you like
23  Ms. Scott to take the stand?
24          THE COURT: Why don't we have her take the stand.
25          Good morning, ma'am.

1 | exhibit binder, please.
2 | BY MR. P. REGAN:
3 | Q.  So, Ms. Scott, at the time that you were receiving the
4 | medical treatment, did you receive bills from the various
5 | providers; the emergency room, GW, the rehab, et cetera, et
6 | cetera?
7 | A.  Yes.
8 | Q.  Do you remember what the total of those bills were?  Not
9 | the individual bills.  Do you remember what the total of the
10 | bills were?
11 | A.  $229,000 and I believe 518 and 63 cents.
12 | Q.  Okay.  Well, let's --
13 |           MR. P. REGAN:  Rather than guess, Your Honor, may
14 | I have the witness --
15 | Q.  Would the itemization that we provided to you earlier
16 | refresh your recollection as to the precise figure?
17 |           MR. WATERS:  Objection.  I think the witness
18 | testified as to the precise figure.
19 |           THE COURT:  Overruled.
20 | Q.  The itemization that was prepared of the summary of the
21 | medical bills, would that refresh your recollection as to
22 | the precise figure as opposed to your estimate a minute ago?
23 | A.  Yes.
24 | Q.  All right.  Would you look at Plaintiff's Exhibit No.
25 | 16, please, in that exhibit book.