APPEAL,CLOSED,JURY,TYPE–B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:22–cv–00601–CRC</u>
### *Internal Use Only*

| | |
|---|---|
| SCOTT v. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY | Date Filed: 03/04/2022 |
| Assigned to: Judge Christopher R. Cooper | Date Terminated: 04/23/2025 |
| Demand: $2,500,000 | Jury Demand: Plaintiff |
| Cause: 28:1331 Fed. Question: Personal Injury | Nature of Suit: 360 P.I.: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**CAROL WILD SCOTT**                represented by    **Christopher J. Regan**
CHRISTOPHER REGAN
1919 M Street NW
Suite 600
Washington, DC 20036
202–349–2824
Email: <u>cregan@reganfirm.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Michael Regan**
REGAN ZAMBRI & LONG, PLLC
1919 M Street, NW
Suite 350
Washington, DC 20036
(202) 463–3030
Fax: (202) 463–0667
Email: <u>pregan@reganfirm.com</u>
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WASHINGTON METROPOLITAN**        represented by    **Brendan H Chandonnet**
**AREA TRANSIT AUTHORITY**                          WASHINGTON METROPOLITAN
*also known as*                                     AREA TRANSIT AUTHORITY
WASHINGTON METROPOLITAN                             Office of General Counsel 7E
AREA TRANSIT AUTHORITY                              300 7th Street SW
Washington, DC 20024
202–962–2805
Email: <u>brendan@bencrump.com</u>
*TERMINATED: 07/08/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason R Waters**

1

WILSON ELSER
8444 Westpark Drive
Suite 510
McLean, VA 22102
(703) 245–9300
Fax: (703) 245–9301
Email: Jason.Waters@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Gilman**
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
8444 Westpark Drive
Suite 510
McLean, VA 22102–5102
830–643–4587
Email: lauren.gilman@wilsonelser.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laurie A. Hand**
WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
Legal Department 7E
P.O. Box 23768
Washington, DC 20026–3768
202–962–5063
Email: lahand@wmata.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Neal Marcellas Janey , Jr.**
WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
300 7th Street SW
Room 712–04
Washington, DC 20024
(202) 627–4540
Fax: (202) 962–2550
Email: njane001@aol.com
*TERMINATED: 04/18/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia H. Beall**
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
1500 K Street, N.W.
Suite 330
Washington, DC 20005

202–626–7685
Fax: 202–628–3606
Email: patricia.beall@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas L. Phucas**
WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
300 Seventh Street SW
7E
Washington, DC 20024
(202) 962–2886
Fax: (202) 962–2550
Email: nicholas.phucas@statefarm.com
*TERMINATED: 04/18/2025*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/04/2022 | 1 | COMPLAINT against WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY with Jury Demand ( Filing fee $ 402 receipt number ADCDC–9081752) filed by CAROL SCOTT. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Regan, Patrick) (Entered: 03/04/2022) |
| 03/07/2022 | | Case Assigned to Judge Christopher R. Cooper. (znmg) (Entered: 03/07/2022) |
| 03/07/2022 | 2 | SUMMONS (1) Issued Electronically as to WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachment(s) : # 1 Notice and Consent) (znmg). (Entered: 03/07/2022) |
| 03/25/2022 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY served on 3/17/2022, answer due 4/7/2022 (Attachments: # 1 Exhibit)(Regan, Patrick) (Entered: 03/25/2022) |
| 04/13/2022 | 4 | ANSWER to Complaint with Jury Demand by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.(Janey, Neal) (Entered: 04/13/2022) |
| 04/13/2022 | 5 | ORDER setting Initial Scheduling Conference for June 1, 2022 at 02:00 PM via VTC before Judge Christopher R. Cooper. Video connection information will be provided to the parties separately. See full Order for details. Signed by Judge Christopher R. Cooper on 4/13/2022. (lccrc1) (Entered: 04/13/2022) |
| 05/05/2022 | 6 | MEET AND CONFER STATEMENT. (Regan, Patrick) (Entered: 05/05/2022) |
| 05/26/2022 | 7 | NOTICE of Appearance by Nicholas L. Phucas on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Phucas, Nicholas) (Entered: 05/26/2022) |
| 05/31/2022 | 8 | NOTICE of Appearance by Brendan Hayes Chandonnet on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Chandonnet, Brendan) (Entered: 05/31/2022) |
| 06/01/2022 | | |

| | | Minute Entry for video Initial Scheduling Conference held before Judge Christopher R. Cooper on 6/1/2022. The parties are directed to meet and confer and file a Proposed Briefing Schedule by 6/8/2022. (Court Reporter: Lisa Moreira) (lsj) (Entered: 06/01/2022) |
|---|---|---|
| 06/06/2022 | 9 | Supplemental MEET AND CONFER STATEMENT. (Regan, Patrick) Modified event title on 6/6/2022 (znmw). (Entered: 06/06/2022) |
| 06/07/2022 | 10 | SCHEDULING ORDER setting discovery deadlines in this case. Discovery due by March 17, 2023. The Court will hold a post–discovery status conference on March 23, 2023 at 10:00 AM via videoconference. Given the length of the discovery period, motions for an extension of the discovery deadline will be viewed with disfavor and may not be granted. Signed by Judge Christopher R. Cooper on 6/7/2022. (lccrc1) (Entered: 06/07/2022) |
| 07/05/2022 | 11 | RULE 26a1 STATEMENT. (Phucas, Nicholas) (Entered: 07/05/2022) |
| 10/21/2022 | 12 | Joint MOTION for Extension of Time to Complete Discovery *Schedule* by CAROL WILD SCOTT. (Attachments: # 1 Memorandum in Support Memorandum and Points and Authorities in Support of Joint Motion for Extension of Discovery Schedule, # 2 Text of Proposed Order Proposed Order)(Regan, Christopher) (Entered: 10/21/2022) |
| 10/21/2022 | | NOTICE OF ERROR re 12 Motion for Extension of Time to Complete Discovery; emailed to cregan@reganfirm.com, cc'd 9 associated attorneys –– The PDF file you docketed contained errors: 1. **Please note the following for future filings; do not refile document**, 2. DO NOT REFILE. Counsel is reminded that log in and password should match signature page. (zjm, ) (Entered: 10/21/2022) |
| 10/26/2022 | | MINUTE ORDER: The parties' 12 Joint Motion for Extension of the Discovery Schedule is hereby granted. Plaintiff's Rule 26(a)(2) Statements are due February 17, 2023. Defendant's Rule 26(a)(2) Statements are due May 19, 2023. The Fact Discovery Deadline is July 14, 2023. The Court will hold a Post–Discovery Status Conference on July 25, 2023 at 10:00 AM. The Court expects, however, that discovery will be completed within this extended period. Future extension requests will be viewed with disfavor and may not be granted. Signed by Judge Christopher R. Cooper on 10/26/2022. (lccrc1) (Entered: 10/26/2022) |
| 11/09/2022 | 13 | Consent MOTION for Protective Order by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Text of Proposed Order)(Chandonnet, Brendan) (Entered: 11/09/2022) |
| 11/09/2022 | 14 | ORDER granting 13 Motion for Protective Order. See full Protective Order for details. Signed by Judge Christopher R. Cooper on 11/9/2022. (lccrc1) (Entered: 11/09/2022) |
| 12/02/2022 | 15 | AMENDED COMPLAINT against WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY with Jury Demand filed by CAROL WILD SCOTT. (Attachments: # 1 Line re: Rule 15)(Regan, Christopher) (Entered: 12/02/2022) |
| 12/08/2022 | 16 | ANSWER to 15 Amended Complaint by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY.(Chandonnet, Brendan) (Entered: 12/08/2022) |
| 02/15/2023 | 17 | Joint MOTION for Extension of Time to *Designate Experts* by CAROL WILD SCOTT. (Attachments: # 1 Text of Proposed Order)(Regan, Christopher) (Entered: 02/15/2023) |
| 02/16/2023 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting the <u>17</u> Joint Motion for Extension of Expert Deadlines. Plaintiff's Rule 26(a)(2) Statements are due March 17, 2023. Defendant's Rule 26(a)(2) Statements are due June 19, 2023. The other deadlines described in the Court's October 26, 2022 Minute Order remain unchanged. Signed by Judge Christopher R. Cooper on 2/16/2023. (lccrc1) (Entered: 02/16/2023) |
| 03/17/2023 | <u>18</u> | RULE 26a2 STATEMENT. (Regan, Patrick) (Entered: 03/17/2023) |
| 06/05/2023 | | MINUTE ORDER: The Post–Discovery Status Conference set for July 25, 2023 is hereby vacated and reset for July 26, 2023 at 3:00 PM in Courtroom 27A (In Person) before Judge Christopher R. Cooper. Signed by Judge Christopher R. Cooper on 6/5/2023. (lccrc1) (Entered: 06/05/2023) |
| 06/07/2023 | <u>19</u> | RULE 26a2 STATEMENT. (Attachments: # <u>1</u> Supplement, # <u>2</u> Supplement, # <u>3</u> Supplement)(Chandonnet, Brendan) (Entered: 06/07/2023) |
| 07/26/2023 | | Minute Entry for Post–Discovery Hearing held before Judge Christopher R. Cooper on 7/26/2023. Forthcoming Briefing Order. (Court Reporter: Lisa Moreira) (lsj) (Entered: 07/26/2023) |
| 07/27/2023 | | MINUTE ORDER: In light of the status conference held on July 26, 2023, the Court sets the following briefing schedule for Defendant's motion for summary judgment: Defendant shall file its motion for summary judgment by October 2, 2023; Plaintiff shall respond to the motion by October 16, 2023; and Defendant shall file its reply by October 23, 2023. Signed by Judge Christopher R. Cooper on 7/27/2023. (lccrc1) (Entered: 07/27/2023) |
| 07/31/2023 | <u>20</u> | MOTION for Summary Judgment by CAROL WILD SCOTT. (Attachments: # <u>1</u> Statement of Facts, # <u>2</u> Text of Proposed Order, # <u>3</u> Exhibit 1 WMATA Incident Report, # <u>4</u> Exhibit 2 WMATA (Henry) Dep, # <u>5</u> Exhibit 3 WMATA SOP 50, # <u>6</u> Exhibit 4 Berkowitz Report, # <u>7</u> Exhibit 5 Pl's Answers to WMATA Interrogs, # <u>8</u> Exhibit 6 WMATA (Bennett) Dep, # <u>9</u> Exhibit 7 Johnson Dep, # <u>10</u> Exhibit 8 Pl's Interrogs to WMATA, # <u>11</u> Exhibit 9 WMATA Answers to Pl's Interrogs, # <u>12</u> Exhibit 10 Scott Dep (Cover Only))(Regan, Christopher) (Entered: 07/31/2023) |
| 08/01/2023 | | MINUTE ORDER: The Court hereby orders that <u>20</u> Plaintiff's Motion for Summary Judgment is STRICKEN without prejudice. Plaintiff's counsel neglected to inform the Court of any anticipated motion at the July 26, 2023 status conference at which a schedule for briefing Defendant's summary judgment motion was discussed. Plaintiff may refile the motion according to following revised briefing schedule, which will allow for more efficient resolution of both motions: Defendant shall file its motion for summary judgment by October 2, 2023; Plaintiff shall respond to the motion and file any cross motion for summary judgment by October 16, 2023; Defendant shall file its reply and opposition to Plaintiff's cross motion by October 30, 2023; and Plaintiff shall file its reply by November 6. Signed by Judge Christopher R. Cooper on 8/1/2023. (lccrc1) (Entered: 08/01/2023) |
| 08/01/2023 | <u>21</u> | NOTICE *re: Summary Judgment Motion* by CAROL WILD SCOTT re Order on Motion for Summary Judgment,,,, Set/Reset Deadlines,,, (Regan, Christopher) (Entered: 08/01/2023) |
| 08/02/2023 | <u>22</u> | TRANSCRIPT OF STATUS CONFERENCE before Judge Christopher R. Cooper held on July 26, 2023; Page Numbers: 1–8. Date of Issuance:August 2, 2023. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/23/2023. Redacted Transcript Deadline set for 9/2/2023. Release of Transcript Restriction set for 10/31/2023.(Moreira, Lisa) (Entered: 08/02/2023) |
| 08/03/2023 | 23 | RESPONSE re 21 Notice (Other) filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Chandonnet, Brendan) (Entered: 08/03/2023) |
| 10/02/2023 | 24 | MOTION for Summary Judgment by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit, # 3 Statement of Facts, # 4 Text of Proposed Order)(Chandonnet, Brendan) (Entered: 10/02/2023) |
| 10/13/2023 | 25 | Memorandum in opposition to re 24 Motion for Summary Judgment *and Counter–Motion for Summary Judgment as to Defendant's Negligence and Affirmative Defense(s)* filed by CAROL WILD SCOTT. (Attachments: # 1 Statement of Facts, # 2 Text of Proposed Order, # 3 Exhibit 1 – Incident Report, # 4 Exhibit 2 – WMATA 30b6 Dep (Henry), # 5 Exhibit 3 – WMATA SOP 50, # 6 Exhibit 4 – Berkowitz Report, # 7 Exhibit 5 – Pl's Answers to Def's Interrogs, # 8 Exhibit 6 – WMATA 30b6 Dep (Bennett), # 9 Exhibit 7 – Johnson Dep, # 10 Exhibit 8 – Pl's Interrogs to Def, # 11 Exhibit 9 – Def's Answers to Pl's Interrogs, # 12 Exhibit 10 – Scott Dep)(Regan, Christopher) (Entered: 10/13/2023) |
| 10/13/2023 | 26 | Cross MOTION for Summary Judgment by CAROL WILD SCOTT. (See Docket Entry 25 to view document). (znmw) (Entered: 10/16/2023) |
| 10/27/2023 | 27 | REPLY to opposition to motion re 24 MOTION for Summary Judgment filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Statement of Facts)(Chandonnet, Brendan) Modified on 10/30/2023 to correct docket link (zjm). (Entered: 10/27/2023) |
| 10/27/2023 | 28 | Memorandum in opposition to re 26 Motion for Summary Judgment filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (See Docket Entry 27 to view document). (zjm) (Entered: 10/30/2023) |
| 11/06/2023 | 29 | REPLY to opposition to motion re 26 MOTION for Summary Judgment filed by CAROL WILD SCOTT. (Attachments: # 1 Exhibit 1 – WMATA Press Release, # 2 Exhibit 2 – WMATA Leadership, # 3 Exhibit 3 – WMATA Dep (Bennett), # 4 Exhibit 4 – Swain Affidavit, # 5 Exhibit 5 – Berkowitz Affidavit)(Regan, Christopher) (Entered: 11/06/2023) |
| 06/28/2024 | 30 | NOTICE of Appearance by Jason R Waters on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Waters, Jason) (Entered: 06/28/2024) |

| 06/28/2024 | 31 | ENTERED IN ERROR.....NOTICE of Appearance by Jason R Waters on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Waters, Jason) Modified on 7/1/2024; refiled as docket entry 33 (znmw). (Entered: 06/28/2024) |
|---|---|---|
| 06/28/2024 | 32 | NOTICE of Appearance by Patricia H. Beall on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Beall, Patricia) (Entered: 06/28/2024) |
| 06/28/2024 | 33 | NOTICE of Appearance by Laurie A. Hand on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Hand, Laurie) (Entered: 06/28/2024) |
| 07/01/2024 | 34 | MEMORANDUM OPINON AND ORDER denying 24 Defendant's Motion for Summary Judgment and denying 26 Plaintiff's Cross–Motion for Summary Judgment. The parties are directed to confer and file a joint status report by July 31, 2024, proposing next steps in this proceeding. See full Memorandum Opinion and Order for details. Signed by Judge Christopher R. Cooper on 7/1/2024. (lccrc1) (Entered: 07/01/2024) |
| 07/03/2024 | 35 | ENTERED IN ERROR.....NOTICE OF WITHDRAWAL OF APPEARANCE as to WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. Attorney Brendan Hayes Chandonnet terminated. (Waters, Jason) Modified on 7/8/2024 (zjm). (Entered: 07/03/2024) |
| 07/08/2024 |  | NOTICE OF ERROR regarding 35 Notice of Withdrawal of Appearance. The following error(s) need correction: Notice of withdrawal must be signed and filed by the withdrawing attorney and signed by the party/parties represented (LCvR 83.6(b)). (zjm) (Entered: 07/08/2024) |
| 07/08/2024 | 36 | NOTICE OF SUBSTITUTION OF COUNSEL by Laurie A. Hand on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY Substituting for attorney Brandon Chandonnet (Hand, Laurie) (Entered: 07/08/2024) |
| 07/31/2024 | 37 | Joint STATUS REPORT by CAROL WILD SCOTT. (Regan, Christopher) (Entered: 07/31/2024) |
| 08/01/2024 |  | In light of the parties' 37 Joint Status Report, the parties are directed to proceed to mediation in good faith on October 1, 2024, and to file a further joint status report by October 8, 2024, advising the Court whether mediation was successful, and if it was not, proposing next steps in line with the 34 Court's July 1, 2024 Order. Signed by Judge Christopher R. Cooper on 8/1/2024. (lccrc1) (Entered: 08/01/2024) |
| 10/08/2024 | 38 | STATUS REPORT by CAROL WILD SCOTT. (Regan, Patrick) (Entered: 10/08/2024) |
| 10/10/2024 |  | MINUTE ORDER: In light of the parties' 38 Joint Status Report, the parties are hereby directed to appear for a status conference on October 18, 2024 at 10:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Signed by Judge Christopher R. Cooper on 10/10/2024. (lccrc1) (Entered: 10/10/2024) |
| 10/11/2024 | 39 | Consent MOTION to Continue *Status Conference* by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Waters, Jason) (Entered: 10/11/2024) |
| 10/15/2024 |  | MINUTE ORDER granting 39 Motion to Continue. The status conference set for October 18, 2024 at 10 A.M. is hereby vacated and rescheduled for October 16, 2024 |

| | | |
|---|---|---|
| | | at 11:30 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Signed by Judge Christopher R. Cooper on 10/15/2024. (lccrc1) (Entered: 10/15/2024) |
| 10/15/2024 | | ***Deadlines terminated: Status Conference set for 10/18/2024 at 10AM is vacated – see Minute Order 10/15/2024. Set/Reset Hearings: Status Conference reset for 10/16/2024 at 11:30 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. (mhp) (Entered: 10/15/2024) |
| 10/16/2024 | | Minute Entry for Status Conference held before Judge Christopher R. Cooper on 10/16/2024: Per the Courts oral order, parties may file a consent motion to reopen discovery if deemed necessary. Additionally, parties are to confer and propose 3 mutually agreed on dates to submit for trial. (Court Reporter Lisa Moreira)(mhp) (Entered: 10/17/2024) |
| 11/13/2024 | | MINUTE ORDER: The parties are hereby ordered to submit three mutually agreed–on dates for trial by November 20, 2024. Signed by Judge Christopher R. Cooper on 11/13/2024. (lccrc1) (Entered: 11/13/2024) |
| 11/19/2024 | 40 | Joint STATUS REPORT *Concerning Trial Dates* by CAROL WILD SCOTT. (Regan, Patrick) (Entered: 11/19/2024) |
| 11/26/2024 | 41 | PRETRIAL AND SCHEDULING ORDER: Discovery shall be reopened until January 30, 2025. Jury Trial set for 4/21/2025 at 9:30 AM in Courtroom 27A before Judge Christopher R. Cooper. The Court will hold a pretrial Conference on 4/15/2025 at 11:00 AM in Courtroom 27A. See full Order for details. Signed by Judge Christopher R. Cooper on 11/26/2024. (lccrc1) Modified on 12/2/2024 (zlsj). (Main Document 41 replaced on 12/2/2024) (zlsj). (Entered: 11/26/2024) |
| 12/02/2024 | | Set/Reset Deadlines/Hearings: Discovery due by 1/30/2025. Motions due by 1/31/2025. Pretrial Statement due by 3/28/2025. Pretrial Conference set for 4/15/2025 at 11:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Jury Selection/Trial set to commence on 4/21/2025 at 9:30 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. (lsj) (Entered: 12/02/2024) |
| 01/31/2025 | 42 | MOTION in Limine *to Exclude Dr. Berkowitz* by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Text of Proposed Order Proposed Order)(Waters, Jason) (Entered: 01/31/2025) |
| 01/31/2025 | 43 | MOTION in Limine by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Text of Proposed Order Proposed Order)(Waters, Jason) (Entered: 01/31/2025) |
| 02/11/2025 | 44 | MOTION for Extension of Time to File Response/Reply by CAROL WILD SCOTT. (Attachments: # 1 Text of Proposed Order Proposed Order)(Regan, Patrick) (Entered: 02/11/2025) |
| 02/12/2025 | | MINUTE ORDER granting 44 Motion for Extension of Time. Plaintiff's Oppositions to Defendants Motions in Limine are due on February 19, 2025, and Defendant WMATA's Replies in support of their Motions in Limine shall be filed no later than February 26, 2025. Signed by Judge Christopher R. Cooper on 2/12/2025. (lccrc1) (Entered: 02/12/2025) |
| 02/19/2025 | 45 | Memorandum in opposition to re 43 Motion in Limine filed by CAROL WILD SCOTT. (Attachments: # 1 Exhibit 1 – WMATA Henry Dep, # 2 Exhibit 2 – WMATA Press re AutoDoors, # 3 Exhibit 3 – SOP 50, # 4 Exhibit 4 – Johnson Dep, # |

| | | |
|---|---|---|
| | | <u>5</u> Exhibit 5 – Station Overrun Report 2019_04_20, # <u>6</u> Exhibit 6 – Station Overrun Report 2019_04_28, # <u>7</u> Exhibit 7 – RTRA Training Request, # <u>8</u> Exhibit 8 – WaPo Express Article, # <u>9</u> Exhibit 9 – Incident Report, # <u>10</u> Exhibit 10 – WMATA Bennett Dep, # <u>11</u> Exhibit 11 – Berkowitz Supp Report, # <u>12</u> Exhibit 12 – Counsel Emails, # <u>13</u> Exhibit 13 – D WMATA Supp Arog, # <u>14</u> Text of Proposed Order)(Regan, Christopher) (Entered: 02/19/2025) |
| 02/19/2025 | <u>46</u> | Memorandum in opposition to re <u>42</u> Motion in Limine, filed by CAROL WILD SCOTT. (Attachments: # <u>1</u> Exhibit 1 – WMATA Henry Dep, # <u>2</u> Exhibit 2 – WMATA Press re AutoDoors, # <u>3</u> Exhibit 3 – SOP 50, # <u>4</u> Exhibit 4 – Johnson Dep, # <u>5</u> Exhibit 5 – Station Overrun Report 2019_04_20, # <u>6</u> Exhibit 6 – Station Overrun Report 2019_04_28, # <u>7</u> Exhibit 7 – RTRA Training Request, # <u>8</u> Exhibit 8 – WaPo Express Article, # <u>9</u> Exhibit 9 – Incident Report, # <u>10</u> Exhibit 10 – WMATA Bennett Dep, # <u>11</u> Exhibit 11 – Berkowitz Supp Report, # <u>12</u> Exhibit 12 – Berkowitz Dep, # <u>13</u> Text of Proposed Order)(Regan, Christopher) (Entered: 02/19/2025) |
| 02/20/2025 | | RESOLVED.....NOTICE of Provisional/Government Not Certified Status re <u>46</u> Memorandum in opposition to re <u>42</u> Motion in Limine, filed by CAROL WILD SCOTT. (Attachments: # 1 Exhibit 1 – WMATA Henry Dep, # 2 Exhibit 2 – WMATA Press re AutoDoors, # 3 Exhibit 3 – SOP 50, # 4 Exhibit 4 – Johnson Dep, # 5 Exhibit 5 – Station Overrun Report 2019_04_20, # 6 Exhibit 6 – Station Overrun Report 2019_04_28, # 7 Exhibit 7 – RTRA Training Request, # 8 Exhibit 8 – WaPo Express Article, # 9 Exhibit 9 – Incident Report, # 10 Exhibit 10 – WMATA Bennett Dep, # 11 Exhibit 11 – Berkowitz Supp Report, # 12 Exhibit 12 – Berkowitz Dep, # 13 Text of Proposed Order)(Regan, Christopher).<br><br>Your attorney renewal/government certification has not been received. As a result, your membership with the U.S. District & Bankruptcy Courts for the District of Columbia is not in good standing, and you are not permitted to file. Pursuant to Local Civil Rule 83.9, you must immediately correct your membership status by following the appropriate instructions on this page of our website: https://www.dcd.uscourts.gov/attorney–renewal.<br><br>Please be advised that the presiding judge in this case has been notified that you are currently not in good standing to file in this court. Renewal Due by 2/27/2025. (zapb) Modified on 2/20/2025 (zhcn). (Entered: 02/20/2025) |
| 02/26/2025 | <u>47</u> | REPLY to opposition to motion re <u>42</u> Motion in Limine, filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Waters, Jason) (Entered: 02/26/2025) |
| 02/26/2025 | <u>48</u> | REPLY to opposition to motion re <u>43</u> Motion in Limine filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # <u>1</u> Exhibit A)(Waters, Jason) (Entered: 02/26/2025) |
| 03/28/2025 | <u>49</u> | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Lauren E. Gilman, Filing fee $ 100, receipt number ADCDC–11575931. Fee Status: Fee Paid. by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # <u>1</u> Declaration pf Lauren Gilman, Esq., # <u>2</u> Text of Proposed Order)(Waters, Jason) (Entered: 03/28/2025) |
| 03/31/2025 | | MINUTE ORDER granting <u>49</u> Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Christopher R. Cooper on |

| | | |
|---|---|---|
| | | 3/31/2025. (lccrc1) (Entered: 03/31/2025) |
| 03/31/2025 | 50 | PRETRIAL STATEMENT by CAROL WILD SCOTT. (Attachments: # 1 Exhibit Jointly Proposed Voir Dire, # 2 Exhibit Plaintiff's Proposed Voir Dire, # 3 Exhibit Defendant's Proposed Voir Dire, # 4 Exhibit Plaintiff's Proposed Verdict Form, # 5 Exhibit Defendant's Proposed Verdict Form)(Regan, Patrick) (Entered: 03/31/2025) |
| 04/03/2025 | 51 | NOTICE of Appearance by Lauren Gilman on behalf of WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY (Gilman, Lauren) (Entered: 04/03/2025) |
| 04/15/2025 | | Minute Entry for proceedings held before Judge Christopher R. Cooper: Pretrial Conference held on 04/15/2025. Oral arguments submitted on Defendant's Motion 42 in Limine to Exclude Dr. Berkowitz and Defendant's Motion 43 in Limine. Motions taken under advisement. Forthcoming order. (Court Reporter: Lisa Moreira) (zljn) (Entered: 04/15/2025) |
| 04/15/2025 | 52 | OPINION AND ORDER granting in part and denying in part 42 Motion in Limine. See full Opinion and Order for details. Signed by Judge Christopher R. Cooper on 4/15/2025. (lccrc1) (Entered: 04/15/2025) |
| 04/18/2025 | 53 | NOTICE OF WITHDRAWAL OF APPEARANCE as to WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. Attorney Neal Marcellas Janey, Jr and Nicholas L. Phucas terminated. (Waters, Jason) (Entered: 04/18/2025) |
| 04/21/2025 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Christopher R. Cooper on 4/21/2025. (lsj) (Entered: 04/21/2025) |
| 04/21/2025 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper on 4/21/2025. Jury selection begun and concluded. Panel of eight jurors selected and sworn. Jury Trial commenced and to continue on 4/22/2025 at 9:00 AM in Courtroom 27A (in person) before Judge Christopher R. Cooper. Plaintiff's witnesses: Stacy Swain and Carol Scott. (Court Reporter: Lisa Moreira) (lsj) (Entered: 04/21/2025) |
| 04/21/2025 | 55 | MEMORANDUM by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Waters, Jason) (Entered: 04/21/2025) |
| 04/21/2025 | 56 | MEMORANDUM by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Exhibit A)(Waters, Jason) (Entered: 04/21/2025) |
| 04/22/2025 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper on 04/22/2025. Trial resumed with eight jurors present. Plaintiff rests their case–in–chief. Defense presents case. Defendant's Oral Motion for Judgment as a Matter a Law (Rule 50) is hereby RESERVED. Plaintiff's witnesses: Carol Scott; Dr. Andrew Bishop; Dr. Carl Berkowitz; Dr. Rajkumar Rao (video deposition played on the record); Bernard Ibanez Bennet (video deposition played on the record); and Alfred Emondi (video deposition played on the record). Defendant's Witnesses: Dominic Johnson. Jury Trial to resume on 04/23/2025 at 9:00 AM in Courtroom 27A before Judge Christopher R. Cooper. (Court Reporter Lisa Moreira.) (zljn) (Entered: 04/22/2025) |
| 04/23/2025 | | Minute Entry for Jury Trial held before Judge Christopher R. Cooper on 04/23/2025. Trial resumed with eight jurors present. Defense resumes presenting case and rests. Plaintiff declines to present a rebuttal case. Defendant's renewed oral motion for Judgment as a Matter of Law (Rule 50) is RESERVED. Charge conference held. |

| | | |
|---|---|---|
| | | Defendant's Witnesses: Keisha Simone Henry and Dr. Denis Harris. Deliberations commenced and concluded. Jury verdict rendered in favor of the Plaintiff and against the Defendant. Jury panel discharged from any further consideration in this matter. (Court Reporter: Lisa Moreira). (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 57 | Jury Instructions. (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 58 | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS. (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 59 | Exhibit List by CAROL WILD SCOTT. (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 60 | Jury Notes received on 04/23/2025.(zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 61 | **Signature Page of Foreperson** on Jury Note received on 04/23/2025. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 62 | JURY VERDICT entered on 04/23/2025. (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 63 | **Signature Page of Foreperson** on Jury Verdict entered on 04/23/2025. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.). (zljn) (Entered: 04/24/2025) |
| 04/23/2025 | 64 | JUDGMENT in favor of the Plaintiff against the Defendant. Entered by Judge Christopher R. Cooper on 04/23/2025. (zljn) (Entered: 04/24/2025) |
| 04/24/2025 | | MINUTE ORDER: Post–trial motions are due by May 23, 2025. Oppositions shall be due by June 13, 2025 and any replies shall be due by June 27, 2025. Signed by Judge Christopher R. Cooper on 4/24/2025. (lccrc1) (Entered: 04/24/2025) |
| 04/25/2025 | | Set/Reset Deadlines/Hearings: Post–trial Motions due by 5/23/2025. Oppositions due by 6/13/2025. Replies due by 6/27/2025. (zljn) (Entered: 04/25/2025) |
| 05/02/2025 | 65 | BILL OF COSTS by CAROL WILD SCOTT. Objection to Bill of Costs due by 5/16/2025. (Attachments: # 1 Exhibit 1 – Filing Fee, # 2 Exhibit 2 – Deposition Transcript Costs, # 3 Exhibit 3 – Witness Fee, # 4 Exhibit 4 – Printing Illustrative Exhibits)(Regan, Christopher) (Entered: 05/02/2025) |
| 05/07/2025 | 66 | TRANSCRIPT OF JURY TRIAL before Judge Christopher R. Cooper held on April 21, 2025; Page Numbers: 1–231. Date of Issuance:May 7, 2025. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 5/28/2025. Redacted Transcript Deadline set for 6/7/2025. Release of Transcript Restriction set for 8/5/2025.(Moreira, Lisa) (Entered: 05/07/2025) |
| 05/07/2025 | 67 | TRANSCRIPT OF JURY TRIAL before Judge Christopher R. Cooper held on April 22, 2025; Page Numbers: 232–437. Date of Issuance:May 7, 2025. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2025. Redacted Transcript Deadline set for 6/7/2025. Release of Transcript Restriction set for 8/5/2025.(Moreira, Lisa) (Entered: 05/07/2025) |
| 05/07/2025 | 68 | TRANSCRIPT OF JURY TRIAL before Judge Christopher R. Cooper held on April 23, 2025; Page Numbers: 438–625. Date of Issuance:May 7, 2025. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354–3187, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/28/2025. Redacted Transcript Deadline set for 6/7/2025. Release of Transcript Restriction set for 8/5/2025.(Moreira, Lisa) (Entered: 05/07/2025) |
| 05/15/2025 | 69 | RESPONSE re 65 Bill of Costs, filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Waters, Jason) (Entered: 05/15/2025) |
| 05/16/2025 | 70 | RESPONSE re 69 Response to Document filed by CAROL WILD SCOTT. (Regan, Christopher) (Entered: 05/16/2025) |
| 05/21/2025 | 71 | MOTION for Judgment as a Matter of Law , MOTION for New Trial by |

| | | |
|---|---|---|
| | | WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I)(Waters, Jason) (Entered: 05/21/2025) |
| 06/03/2025 | 72 | OPINION AND ORDER re 65 Bill of Costs. Plaintiff shall file a revised Bill of Costs by June 10, 2025. See full Opinion and Order for details. Signed by Judge Christopher R. Cooper on 6/3/2025. (lccrc1) (Entered: 06/03/2025) |
| 06/03/2025 | | Set/Reset Deadlines: Bill of Costs due by 6/10/2025. (zljn) (Entered: 06/03/2025) |
| 06/05/2025 | 73 | BILL OF COSTS by CAROL WILD SCOTT. Objection to Bill of Costs due by 6/26/2025. (Regan, Christopher) (Entered: 06/05/2025) |
| 06/13/2025 | 74 | RESPONSE re 71 MOTION for Judgment as a Matter of Law MOTION for New Trial filed by CAROL WILD SCOTT. (Attachments: # 1 Exhibit 1 – Trial Tr Vol 1, # 2 Exhibit 2 – Trial Tr Vol 2, # 3 Exhibit 3 – Trial Tr Vol 3, # 4 Exhibit 4 – SOP 50, # 5 Exhibit 5 – WMATA Dep (Bennett), # 6 Text of Proposed Order Proposed Order)(Regan, Christopher) (Entered: 06/13/2025) |
| 06/13/2025 | 75 | ERRATA by CAROL WILD SCOTT re 74 Response to motion,. (Attachments: # 1 Exhibit 2 – Trial Tr Vol 2)(Regan, Christopher) (Entered: 06/13/2025) |
| 06/26/2025 | 76 | REPLY to opposition to motion re 71 Motion for Judgment as a Matter of Law,, Motion for New Trial, filed by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Exhibit J)(Waters, Jason) (Entered: 06/26/2025) |
| 08/01/2025 | 77 | ORDER denying 71 Motion for Judgment as a Matter of Law and Motion for New Trial. See full Order and Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 8/1/2025. (lccrc1) (Entered: 08/01/2025) |
| 08/01/2025 | 78 | OPINION re 77 Order denying 71 Defendant's Motion for Judgment as a Matter of Law and New Trial. See full Opinion for details. Signed by Judge Christopher R. Cooper on 8/1/2025. (lccrc1) (Entered: 08/01/2025) |
| 08/27/2025 | 79 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 77 Order on Motion for Judgment as a Matter of Law, Order on Motion for New Trial, 64 Judgment, 78 Memorandum & Opinion by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. Filing fee $ 605, receipt number ADCDC–11916910. Fee Status: Fee Paid. Parties have been notified. (Waters, Jason) (Entered: 08/27/2025) |
| 08/27/2025 | 80 | MOTION to Stay re 64 Judgment by WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Waters, Jason) (Entered: 08/27/2025) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAROL W. SCOTT,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 1:22-cv-00601 CRC** |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,** | |
| **Defendant.** | |

## DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S CIVIL NOTICE OF APPEAL

Notice is hereby given this 27th day of August 2025, that Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by and through undersigned counsel, hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this court entered on the 23rd day of April, 2025, in favor of Plaintiff Carol W. Scott and against WMATA, and from the Order and Opinion denying WMATA's Motion for Judgment as a Matter of Law and for a New Trial, entered on the 1st day of August 2025.


Date: August 27, 2025                    Respectfully submitted,

                                        **WILSON, ELSER, MOSKOWITZ,**
                                        **EDELMAN & DICKER, LLP**

                                        */s/ Jason R. Waters*
                                        Jason R. Waters, Esq. (D.C. Bar No. 491066)
                                        Lauren Gilman, Esq. (D.C. Bar. 90008050)
                                        8444 Westpark Drive - Suite 510
                                        McLean, VA 22102-5102
                                        Telephone: (703) 245-9300
                                        Facsimile: (703) 245-9301
                                        Jason.Waters@wilsonelser.com
                                        Lauren.Gilman@wilsonelser.com

Patricia H. Beall, Esq. (D.C. Bar No. 992515)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN**
**AREA TRANSIT AUTHORITY**

*/s/ Laurie Hand*
Laurie Hand, Esq. (D.C. Bar No. 435095)
Washington Metropolitan Area Transit Authority
Legal Department 7E
P.O. Box 23768
Washington, D.C. 20026
Telephone.: (202) 962-5063
Facsimile: (202) 962-2550
LAHand@wmata.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of August, 2025, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of

such filing to all counsel of record.


*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No. 491066)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
*Counsel for Defendant Washington*
*Metropolitan Area Transit Authority*

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CAROL W. SCOTT**, | |
| Plaintiff, | |
| v. | Case No. 22-cv-601 (CRC) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, | |
| Defendant. | |

## OPINION

While riding the subway one evening, Plaintiff Carol W. Scott fell and broke her femur after the train jerked forward unexpectedly at her station.  Ms. Scott brought a claim of negligence against Defendant Washington Metropolitan Area Transit Authority ("WMATA") based on the train operator's alleged failure to warn passengers before repositioning the train. After a three-day trial, a jury found for Scott and awarded her $1.6 million in damages. WMATA now moves for judgment as a matter of law, or in the alternative for a new trial, largely rehashing arguments made pretrial in its motion for summary judgment and motions in limine. The Court will deny WMATA's motion.

I.    **Background**[1]

On the evening of September 23, 2019, Plaintiff Carol W. Scott, then 79 years old, boarded an Orange Line Metro train en route to McPherson Square.  As the train pulled into McPherson Square station, Ms. Scott heard the following announcement: "McPherson Square, doors opening."  Shortly after Scott rose from her seat to depart, the train jerked forward without

---

[1]  The facts described herein are drawn from transcripts of the trial proceedings and from previous opinions the Court has issued in this case.

warning.  Scott fell and fractured her femur, requiring intensive surgery to implant permanent orthopedic hardware.  To date, she walks with a cane and can no longer travel to Native American reservations for her work on behalf of veterans, as she did prior to her injury, or engage in other daily activities she used to enjoy.

Scott filed this action against WMATA in March 2022, alleging one count of negligence arising out of the train operator's alleged failure to warn passengers before repositioning the train.  After a three-day trial lasting from April 21 to April 23, 2025, the jury returned a verdict for Scott and assigned damages in the amount of $1,600,000.  Following the close of Scott's case-in-chief, WMATA moved for judgment as a matter of law.  The Court reserved its ruling on the motion and submitted the case to the jury.  WMATA now renews its motion for judgment as a matter of law and moves, in the alternative, for a new trial.  Scott has opposed.

## II.    Legal Standards

Under Federal Rule of Civil Procedure 50(a), "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue," the court may "grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."  Fed. R. Civ. P. 50(a)(1)(B).  A court that does not grant such a motion during trial is "considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."  Fed. R. Civ. P. 50(b).  A losing party may renew its Rule 50(a) motion after the jury is discharged, but it must limit this post-trial Rule 50(b) motion to "those grounds that were specifically raised in the prior motion."  Rice v. District of Columbia, 818 F. Supp. 2d 47, 54 (D.D.C. 2011) (citing Tolbert v. Queens College, 242 F.3d 58, 70 (2d Cir. 2001).  When

2

presented with a Rule 50(b) motion, the court may "direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b)(3).

The same legal standard applies to motions for judgment as a matter of law made during and after trial. Beyene v. Hilton Hotels Corp., 958 F. Supp. 2d 247, 249 (D.D.C. 2013). Although jury verdicts are not to be "lightly disturb[ed]," McGill v. Muñoz, 203 F.3d 843, 845 (D.C. Cir. 2000), such a motion should be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue," Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a)). As when considering a motion for summary judgment, a court ruling on a Rule 50(b) motion "must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence." Rice, 818 F. Supp. 2d at 54. But it must also "give credence to . . . evidence supporting the moving party that is uncontradicted and unimpeached, a[t] least to the extent that the evidence comes from disinterested witnesses." Id. (quoting Reeves, 530 U.S. at 151).

### III.    Analysis

#### A.  Scott Established A National Standard of Care

WMATA first contends that Scott failed to establish that there is a national standard of care requiring safety warnings before repositioning a subway train. Mot. for JMOL at 4–13. The Court's prior opinion granting in part and denying in part WMATA's motion in limine to exclude Scott's expert, Dr. Carl Berkowitz, disposes of this argument. See Op. & Order, ECF No. 52.

WMATA first renews its contention that Dr. Berkowitz should not have been qualified as an expert in the field of transportation safety under Federal Rule of Evidence 702. Mot. for

JMOL at 6–8. This argument need not detain the Court for long. As explained in the Court's prior opinion, Dr. Berkowitz has "over twenty years of experience working in the transportation industry" and "has worked directly with the New York Metropolitan Transportation Authority and other agencies, taught transportation safety courses to their personnel, and served on professional transit committees." Op. & Order at 5. He also based his opinion on "informal conversations with employees of the New York City Transit Authority and [the Southeastern Pennsylvania Transportation Authority] and knowledge gleaned through his work on transit committees." Id. (citations omitted). At trial, Dr. Berkowitz testified extensively about his experience in the transportation industry, including his PhD in transportation engineering and planning and his work on behalf of the New York City Department of Transportation. See Trial Tr. at 315:17–328:13. Given Dr. Berkowitz's relevant professional qualifications and experience, the Court did not abuse its discretion by qualifying Dr. Berkowitz as an expert.

Next, WMATA argues that Dr. Berkowitz's trial testimony did not establish a national standard of care because he did not offer copies of other transit systems' standard operating procedures or otherwise support his opinion. Mot. for JMOL at 8–11. This argument fails for two reasons. First, as explained in the Court's prior opinion, "although Dr. Berkowitz did not support his opinions about other transit systems by reference to their written procedures, that omission alone does not disqualify him as an expert." Op & Order at 5. "[A]n expert may be qualified on the basis of his or her practical experience." Khairkhwa v. Obama, 793 F. Supp. 2d 1, 11 (D.D.C. 2011).

Second, as just explained, Dr. Berkowitz rooted his opinion in his work experience at major transit authorities and his conversations with their employees. At trial, Dr. Berkowitz testified, subject to cross-examination, that his sources included: New York City Transit

Authority employee Orlando Jimenez, his personal experience with the Boston transit authority, Chicago transit authority employees, and his work on various safety committees. Trial Tr. at 341:12–342:22, 344:9–346:22. Based on all that, he testified that failing to give a safety warning prior to repositioning the train violated the national standard of care. Id. at 347:9–11. The Court would add that Dr. Berkowitz's opinion respecting a national standard of care was also supported by WMATA's own train repositioning procedures, a written copy of which was introduced at trial. Id. at 402:11–12 (discussing Exhibit 1, WMATA's Standard Operating Procedure 50). Accordingly, Dr. Berkowitz "set forth concrete bases for his expert testimony" and the jury was entitled to find that WMATA violated the national standard of care. See Op & Order at 5 (citing Sherrod v. McHugh, 334 F. Supp. 3d 219, 259 (D.D.C. 2018)).

WMATA next argues that the Court abused its discretion by permitting Dr. Berkowitz to supplement his initial expert report. Mot. for JMOL at 11–13. After denying both parties' motions for summary judgment, the Court indicated its willingness to reopen discovery so that "Scott can supplement her expert report on the standard of care, and WMATA, in turn, can depose Dr. Berkowitz and potentially retain its own expert[.]" Summ. J. Op. & Order, ECF No. 34, at 20. Over WMATA's objection, see Joint Status Report, ECF. No. 40, the Court then reopened discovery for a two-month period. Pretrial & Scheduling Order, ECF No. 41.

"[T]he Court has inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice." Gomez v. Trs. of Harvard Univ., 676 F. Supp. 13, 15 (D.D.C. 1987). WMATA offers no reason why the Court could not extend the discovery deadline, except the bare assertion that the extension "unfairly prejudiced" it. Mot. for JMOL at 13. But WMATA offers no facts supporting its claim of prejudice. And its argument is particularly untenable given that the Court afforded WMATA the opportunity to take Dr. Berkowitz's deposition and to

designate an expert of its own to rebut his testimony, mitigating any possible prejudice.  Pretrial & Scheduling Order at 1.  WMATA ultimately chose not to call its own expert.

Next, WMATA complains that the Court "unfairly precluded" it from cross-examining Dr. Berkowitz in front of the jury about instances in which other courts excluded his testimony.  Mot. for JMOL at 13–14.  WMATA misstates the Court's ruling.  At trial, the Court instructed WMATA's counsel that it could voir dire Dr. Berkowitz's expert qualifications outside the presence of the jury.  Trial Tr. at 302:6–10.  That is standard practice.  See, e.g., Kellner v. NCL (Bahamas), Ltd., No. 15-cv-23002, 2016 WL 8679313, at *1 (S.D. Fla. Aug. 17, 2016).  The Court then informed WMATA that it would be permitted to cross-examine Dr. Berkowitz on matters related to his "credibility or truthfulness" in the presence of the jury.  Trial Tr. at 303:2.  WMATA chose not to do so, leaving it no ground on which to complain now.

B.  The "Unusual and Extraordinary Force" Test Does Not Apply

WMATA next argues that the Court should have required Scott to demonstrate that the train's jerk was of "unusual and extraordinary force" to succeed on her negligence claim.  Mot. for JMOL at 14–19.  At summary judgment, the Court held that this "unusual and extraordinary force" test does not apply if "a reasonable person in Scott's shoes would have believed it was safe to begin alighting after the train had come to a complete stop at the station and announced" that doors were opening.  Summ. J. Op. at 12.  The Court then reserved this "fact-intensive inquiry" for the jury.  Id.  And by rejecting WMATA's assumption-of-risk defense, the jury implicitly sided with Scott on the issue.  Verdict at 2.

WMATA now argues that, contrary to the Court's summary-judgment holding, the facts adduced at trial are such that no reasonable person could have believed it was safe to alight after the train stopped.  Mot. for JMOL at 16–19.  WMATA relies on three facts: the operator

6

announced "McPherson square, doors opening" while pulling into the station, the train had
repositioned at other stations along the route, and Ms. Scott did not hear a door chime before
standing up.  Id.  As already explained, the Court disagrees that no reasonable person could have
thought it safe to stand up under these circumstances.  Summ. J. Op. at 12.  True, Ms. Scott's
trial testimony differed slightly from her deposition—at trial, she testified that she heard the
"doors opening" announcement as the train pulled into the station, not after it had stopped.
Compare Trial Tr. at 255:10–19, with Summ. J. Op. at 2 (citing Scott Dep. at 27:1–13).  But that
minor discrepancy does not upset the Court's prior determination that whether it was reasonable
to disembark is a fact question properly resolved by the jury.

    C.  Ms. Scott Was Not Contributorily Negligent As a Matter of Law

    WMATA next argues that Ms. Scott was contributorily negligent as a matter of law, so
the Court should set aside the jury's verdict finding the opposite.  Mot. for JMOL at 20–22.
Contributory negligence is established as a matter of law where reasonable persons can draw no
inference from the facts other than that the plaintiff failed to act reasonably under the
circumstances.  Phillips v. Fujitec Am., Inc., 3 A.3d 324, 329–330 n.4 (D.C. 2010).

    The Court's summary-judgment opinion also disposes of this argument.  As the Court
already explained, notwithstanding trial evidence that the train had repositioned at other stops
along the route—which forms the basis of WMATA's argument—"it is not evident that a
reasonably prudent person would have expected the train to lurch forward after it stopped at
McPherson Square Station[.]"  Summ. J. Op. at 12.  That is so because, following the "doors
opening" announcement and the train coming to a stop, it may "appear[] safe to head for the
exit" such that many passengers waiting by the doors "will not brace themselves for a sudden

movement." Id. at 11, 12.  No facts introduced at trial undermine the Court's conclusion in this regard.

      D.  Defendant is Not Entitled to a Partial Judgment on Damages

Next, WMATA contends that "there was no legally sufficient basis for the jury's award of damages" because Scott did not introduce any medical bills at trial.  Mot. for JMOL at 23. This argument makes little sense.  At trial, Ms. Scott testified to the amount she paid in medical expenses—approximately $229,000.  Trial Tr. at 249:15.  Her counsel's decision not to introduce the actual bills thus appears to be of little significance, especially since WMATA does not dispute that figure.  See id. at 240:14–16.  Moreover, as Scott points out, it is not clear from the amount awarded in damages "what value (if any) was assigned to reimbursement for medical expenses," rather than, for instance, pain and suffering.  Opp'n to Mot. for JMOL at 19, ECF No. 74.  So, the decision not to introduce her medical bills cannot possibly compel the conclusion that, contrary to the jury's verdict, she was entitled to no damages at all.

      E.  Defendant Is Not Entitled to Remittitur

 Lastly, WMATA seeks remittitur, arguing that the $1.6 million award "was unconscionably excessive."  Mot. for JMOL at 24–26.  In the District of Columbia, a verdict is excessive when it is so large that it is "beyond all reason, or is so great as to shock the conscience."  Phillips v. District of Columbia, 458 A.2d 722, 724 (D.C. 1983) (citation omitted). Trial evidence established that Ms. Scott's injury—in addition to the $229,000 in medical expenses just discussed—caused her terrible pain, Trial Tr. at 185:23–186:2, required a permanent implant in her leg, id. at 194:1–4, still causes her problems with her balance and lower back, id. at 194:7–12, requires her to walk with a cane, Trial Tr. at 191:9–11, and prevents her from engaging in many activities she previously enjoyed, such as gardening, id. at 193:10–

12. She has also been unable to travel to Native American reservations conduct her work with veterans as she did prior to her fall. Id. at 194:14-20. Given all this, a $1.6 million award, while generous perhaps, does not "shock the conscience." Phillips, 458 A.2d at 724.

In the face of the above, WMATA's only argument for remittitur is that Ms. Scott's counsel displayed a Powerpoint slide during his opening statement "suggesting that the total award equal $229,000 plus 90%." Mot. for JMOL at 25 (citation omitted). First of all, it is unclear how WMATA's current objection to this slide supports its remittitur request or even how the slide relates to the ultimate sum awarded by the jury. Second, WMATA did not object to this slide at trial, so it cannot do so now. Trial Tr. at 122:3–10 (raising other objections to counsel's Powerpoint slides).[2]

For the first time in its reply, WMATA also cites a 1992 case in which a court in this district granted remittitur, reasoning that $460,000 excessively compensated the plaintiff's rotator cuff injury because he was "back at work as a machinist" and had "demonstrated in open court, before the jury, that he does have extensive use of his right arm and shoulder." Richardson v. Nat'l R.R. Passenger Corp., No. 90-1592, 1992 U.S. Dist. LEXIS 1974, at *4 (D.D.C. 1992); see Reply at 12, ECF No. 76. That case is clearly distinguishable. As just noted, undisputed evidence showed that Ms. Scott's broken femur was extremely painful, required extensive surgery and rehabilitation, and continues to disrupt her work and daily activities. Accordingly, the Court will decline to order remittitur.

---

[2] Rather, it was the Court who admonished Ms. Scott's counsel for displaying the slide after assuring the Court at the pretrial conference that, consistent with the Court's practice, he would not suggest a specific damages award to the jury. Trial Tr. at 173:23–175:1. In the Court's view, the "$229,000 plus 90%" graphic ran afoul of that assurance. It at least should have been flagged for the Court's attention prior to openings. Still, even if displaying the graphic to the jury was out of bounds, WMATA has not come close to establishing that it somehow led to a conscience-shocking damages award.

9

**IV.  Conclusion**

For the foregoing reasons, the Court will deny WMATA's motion for judgment as a matter of law or, in the alternative, for a new trial.  A separate Order accompanies this opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>August 1, 2025</u>

10

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CAROL W. SCOTT**, | |
| Plaintiff, | |
| v. | Case No. 22-cv-601 (CRC) |
| **WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**, | |
| Defendant. | |

**<u>ORDER</u>**

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED** that the [71] Defendant's Motion for Judgment as a Matter of Law or, in the

Alternative, For a New Trial is DENIED.

This is a final appealable Order.

**SO ORDERED**.

 

 

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: <u>August 1, 2025</u>

Civil Judgment (Rev. DC 03/2010)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROL WILD SCOTT

      Plaintiff(s)

      v.

Civil Action No.   22-cv-601 (CRC)

WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY

      Defendant(s)

## JUDGMENT ON THE VERDICT
### FOR PLAINTIFF

This cause having been tried by the  Court and a Jury,  before the Honorable

Christopher R. Cooper _____ , Judge presiding, and the issues having been duly

tried and the Jury having duly rendered its verdict; now, therefore, pursuant to the verdict,

    IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff(s):

CAROL WILD SCOTT

have and recover of and from the defendant(s):

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

the sum of  1,600,000.00

together with costs.


               ANGELA D. CAESAR, Clerk


Dated: 04/23/2025 _____    By: _____ Luileadny Navas Gonzalez _____
                                  Deputy Clerk